STATE OF KANSAS, *Appellant,* v. ROBERT FOWLER, *Appellee,*
and
No. 57,737

STATE OF KANSAS, *Appellant,* v. KERMIT EDWARDS, JR., *Appellee.*

(710 P.2d 1268)

Opinion filed December 6, 1985.

*Geary N. Gorup,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Clark V. Owens,* district attorney, were with him on the briefs for appellant and cross-appellee.

*Eric A. Stahl,* assistant public defender, argued the cause and was on brief for appellee Robert Fowler.

The opinion of the court was delivered by

PRAGER, J.: This case involves consolidated direct appeals by the State in two criminal cases taken pursuant to K.S.A. 22-3602. Each case raises an identical question of law pertaining to the authority of a district court to order jail time credit on a defendant's sentence under authority of K.S.A. 21-4614 for the time a defendant resided under court order in a community corrections residential center. In case No. 57,683, the defendant, Robert Fowler, filed a cross-appeal based upon the refusal of the district court to award him jail credit on his sentence for time spent in the county jail pursuant to a work release program and also because he was denied representation by counsel at a hearing on a motion to remove that defendant from the community corrections program and to transfer him to the custody of the Secretary of Corrections.

The issue on appeal presented by the State may be stated as follows: Whether K.S.A. 21-4614 authorizes or requires jail time credit to be awarded to a defendant for the time that defendant resided in the Sedgwick County community corrections facility? On this issue, the facts are essentially undisputed and may be summarized in each of the cases as follows:

## Robert Fowler Case No. 83 CR 65 (57,683)

Defendant, Robert Fowler, was convicted of giving a worthless check in violation of K.S.A. 21-3707, a class E felony. On October 19, 1983, defendant was given a minimum sentence of one to two years. Defendant was sentenced to the custody of the Secretary of Corrections for a period of one to two years but was granted probation and placed under a work release program from the Sedgwick County jail. Defendant was confined in the county jail except for periods he was released to engage in gainful employment. Thereafter, the defendant was arrested under a warrant for bringing contraband into the jail.

On December 13, 1983, a hearing was held at which time Fowler and counsel admitted the facts of the violation of probation and his probation was revoked. The matter was then continued to allow time for officials of the community corrections program to decide whether or not they would accept the de-

fendant in their program. On December 16, 1983, the district court ordered defendant's placement in the community corrections program, stating for the record as follows:

"THE COURT: On the 13th of December, 1983, his probation was revoked and Mr. Fowler was committed to the custody of the Secretary of Corrections and the Sheriff will be deemed to have complied with the order of the Court by delivering or allowing custody of Mr. Fowler to be transferred to the Administrator of the Community Corrections of Sedgwick County. The future custody of Mr. Fowler is to be determined administratively between Community Corrections and the Administrator of the Community Corrections' Program."

The district court, in its journal entry, placed specific terms and conditions upon the defendant while under such "commitment":

"It is therefore the order and judgment of the Court that the defendant be committed to the supervision of the Sedgwick County Community Corrections Program upon the following terms and conditions:

"a) That the defendant not violate the law in any manner;

"b) That the defendant be detained in a residential facility as designated by the Director of the Sedgwick County Community Corrections Program for such time and on such occasions as determined by the Director to meet the needs of the defendant and the program.

"c) That the defendant abide by all the rules, regulations and requirements of the Sedgwick County Community Corrections Program.

"d) That the defendant successfully complete the Sedgwick County Community Corrections Program.

[Conditions relating to the payment of costs and restitution omitted.]

"The defendant is advised that his failure to participate in or abide by the rules and regulations of the Community Corrections program will be cause for the director to transfer him to some other facility of the Secretary of Corrections as the Secretary shall direct."

On September 21, 1984, a warrant was issued for Fowler's arrest based upon sworn allegations of an officer of the community corrections program alleging violations of the terms and conditions of his placement at that facility. A hearing was begun on October 17, 1984, at which time defendant appeared without counsel. The court took the position that the defendant was not entitled to be represented by counsel because the hearing was not a probation revocation hearing. The court stated that defendant, never having been placed on probation, was at all times in the custody of the Secretary of Corrections while at the community corrections facility. The State took issue with this position, stating that this was a probation revocation hearing at which defendant was entitled to counsel. At the prosecutor's request, the hearing was continued.

On October 24, 1984, the parties again appeared with defendant represented by counsel. Counsel for the defendant maintained that the hearing was based upon a claimed probation violation. The court again strongly denied this, stating that no probation had ever been granted in the case and that Fowler had been *committed* to the care, custody, and control of the Sedgwick County Community Corrections Department. Since the defendant had been *committed* to custody, he was not entitled to a probation revocation hearing.

The court, however, did grant another continuance and ordered a new hearing which was held on November 9, 1984, at which time the State's only witness again testified and was fully cross-examined by defense counsel. The defendant presented no evidence on his behalf. After this hearing, the court found that the defendant had violated the terms of his contract with the Sedgwick County Community Corrections Center and ordered that defendant be transported by the sheriff to the custody of the Secretary of Corrections. At this hearing, there was much discussion as to whether defendant Fowler was entitled to jail time credit for time he spent living at the community corrections facility and also for time while on work release from the county jail before he was placed under the community corrections program. The district court granted defendant 141 days of jail time credit for the time he spent in the county community corrections facility and also 94 days jail credit for the time defendant spent in jail awaiting sentencing. The trial court refused to award Fowler jail time credit of 51 days for the time he spent in the county jail under the work release program while on probation. The State then filed a motion to deny defendant the jail credit for the time spent in the community corrections facility, which the trial court overruled. The State then filed a notice of appeal from that order. The defendant, Fowler, filed a cross-appeal claiming error in denial of his right to counsel at defendant's October 17, 1984, hearing and because of the court's refusal to grant jail credit for the time he spent in the county jail pursuant to the work release program while on probation.

### Kermit Edwards Cases No. 84 CR 207 & 489 (57,737)

In case No. 84 CR 207, defendant, Kermit Edwards, on August 27, 1984, pled guilty to two counts of burglary (K.S.A. 21-3715)

and was sentenced to the custody of the Secretary of Corrections to a controlling term of three to ten years. Judge Sanborn, as the sentencing judge, then ordered that the commitment to the Secretary of Corrections be stayed, and that defendant be "committed to the care, custody and control of the Sedgwick County Community Corrections Department." The court placed certain conditions upon the "commitment," including that the stay was to remain in effect so long as, "in the judgment of Community Corrections," the defendant substantially complied with the rules and regulations of such agency.

On August 29, 1984, defendant Edwards in case 84 CR 489 pled guilty to the crime of misdemeanor battery (K.S.A. 21-3412 and was subsequently sentenced to a jail term of one year. The execution of defendant's commitment to the Sedgwick County jail was stayed so long as the defendant abided by the rules and regulations of the Sedgwick County community corrections program.

On December 7, 1984, Judge Sanborn issued a warrant in both cases for defendant's arrest based upon a sworn allegation that he had been absent without leave from the residential center for a period of six hours. On December 10, 1984, the warrant was amended to allege that defendant returned to the community corrections residential facility with marijuana in his possession.

On December 21, 1984, a hearing was held on these arrest warrants at which time defendant appeared in person and with counsel. After hearing evidence and arguments, the court ordered that the stay of execution previously granted in each case be dissolved. The court ordered in the felony case that Edwards serve the sentence previously imposed and that the sheriff transport him to the custody of the Secretary of Corrections. The concurrent misdemeanor sentence would also be served while defendant was in prison. The court, over the State's objection, awarded defendant jail credit for 85 days he spent while he was residing at the Sedgwick County Community Corrections Center. At this hearing, Judge Sanborn stated categorically that Edwards had never been placed on probation. He had been serving *his sentence* and was entitled to credit by law for the time he spent at the community corrections center. Judge Sanborn emphasized the fact that, as district judge in the case, he had the authority to impose sentence, to commit the defendant to

the custody of the Secretary of Corrections, and then to stay the commitment and require that defendant be committed to community corrections without being placed on probation. The court, as in the Fowler case, stated that the hearing was not one for the revocation of probation but simply a determination that defendant's custody be transferred from the community corrections program to the Secretary of Corrections.

The State appealed from the order of the district court in both cases granting each defendant jail time credit for the time he was residing at the Sedgwick County community corrections facility.

The issue raised by the State on appeal in both cases is whether K.S.A. 21-4614 authorizes or requires jail time credit be awarded to each defendant for the time the defendant resided at the community corrections center. This issue has not heretofore been addressed by this court. The question is of great statewide interest and importance, primarily because of a great deal of confusion and disagreement which has arisen after the enactment of the community corrections act, K.S.A. 75-5290 *et seq.*, by the Kansas legislature in 1978. The specific statute which is before the court for interpretation is K.S.A. 21-4614, which provides as follows:

"**21-4614. Deduction of time spent in confinement.** In any criminal action in which the defendant is convicted upon a plea of guilty or trial by court or jury or upon completion of an appeal, the judge, if he or she sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and his or her parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment or the judgment form, whichever is delivered with the defendant to the correctional institution, such date shall be established to reflect and shall be computed *as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case.* In recording the commencing date of such sentence the date as specifically set forth by the court shall be used as the date of sentence and all good time allowances as are authorized by the Kansas adult authority are to be allowed on such sentence from such date as though the defendant were actually incarcerated in any of the institutions of the state correctional system. Such jail time credit is not to be considered to reduce the minimum or maximum terms of confinement as are authorized by law for the offense of which the defendant has been convicted." (Emphasis supplied.)

It should be noted that K.S.A. 21-4614 provides that, following conviction of the defendant, the judge, in sentencing the defendant to confinement, shall establish a date in the journal entry of judgment or judgment form to reflect and to be computed as an

allowance for the time which the defendant has spent *incarcerated pending the disposition of the defendant's case.* The date set by the court is to be used by the Secretary of Corrections as the date of sentence as though the defendant had been actually incarcerated in an institution of the state correctional system.

Simply stated, the State maintains that the jail time credit provided for in K.S.A. 21-4614 covers only the period during which a defendant has been confined from his arrest on the charge until the time the case is disposed of by the court by one of the methods authorized under K.S.A. 1984 Supp. 21-4603. The State argues that a defendant is not entitled to jail time credit for time spent, following his release on probation, where one of the conditions of probation is a period of confinement in a county jail or in a community corrections residential center. The defendant in each case maintains, in substance, that he is entitled to jail credit on his sentence for the time when he was "confined" to the custody of community corrections because during that period he was actually serving a part of his sentence. The issue presented is obviously quite complex and can be resolved only by a determination of the legislative intent following a full examination of all pertinent statutes on the subject.

At the outset, we must consider the alternative dispositions which a district court may adjudge after a defendant has been convicted of a crime. K.S.A. 1984 Supp. 21-4603(2) provides as follows:

"Whenever any person has been found guilty of a crime, the court may adjudge any of the following:

"(a) Commit the defendant to the custody of the secretary of corrections or, if confinement is for a term less than one year, to jail for the term provided by law;

"(b) impose the fine applicable to the offense;

"(c) release the defendant on probation subject to such conditions as the court may deem appropriate, including orders requiring full or partial restitution;

"(d) suspend the imposition of the sentence subject to such conditions as the court may deem appropriate, including orders requiring full or partial restitution; or

"(e) impose any appropriate combination of (a), (b), (c) and (d).

"In imposing a fine the court may authorize the payment thereof in installments. In releasing a defendant on probation the court shall direct that the defendant be under the supervision of a court services officer.

"The court in committing a defendant to the custody of the secretary of corrections shall fix a maximum term of confinement within the limits provided by law. In those cases where the law does not fix a maximum term of confinement

for the crime for which the defendant was convicted, the court shall fix the maximum term of such confinement. In all cases where the defendant is committed to the custody of the secretary of corrections, the court shall fix the minimum term within the limits provided by law."

Section (2)(a) authorizes a district court to commit the defendant to the custody of the Secretary of Corrections or, if confinement is for a term less than one year, to jail for the term as provided by law. Various felonies under the Kansas Criminal Code are classified in K.S.A. 1984 Supp. 21-4501 as Class A through Class E, depending upon the seriousness of the offense. The minimum sentence which may be imposed for a Class E felony requires a minimum sentence of not less than one year. Sentences of less than one year usually involve various classes of misdemeanors. Thus, in cases where a person has been convicted of a felony, K.S.A. 1984 Supp. 21-4603(2)(a) requires that he be committed to the custody of the Secretary of Corrections. The Secretary of Corrections is given the power to designate the place of confinement. There is no statutory authority for a district court in a felony case to *commit* the defendant to the custody of a community corrections center. In addition to commitment, a district court may impose a fine under § (2)(b), or under § (2)(c) release the defendant on probation subject to conditions. A district court under § (2)(d) may suspend the imposition of sentence subject to such conditions as the court may deem appropriate. Under § (2)(e), the court may impose any appropriate combination of (a), (b), (c), or (d). If the trial court actually imposes a sentence of commitment and desires to place the defendant in a community corrections residential center, it may do so only by placing the defendant on probation and making confinement in the community corrections residential center a condition of his probation.

This conclusion is also supported when we consider the statutory definitions of "suspension of sentence" and "probation" contained in K.S.A. 1984 Supp. 21-4602. "Suspension of sentence" is a procedure under which a defendant, found guilty of a crime, is released by the court *without imposition of sentence.* "Probation" is a procedure under which a defendant, found guilty of a crime, is *released* by the court *after imposition of sentence without imprisonment* subject to conditions imposed by the court and subject to the supervision of the probation service of the state, county, or court.

This conclusion is further supported by the language used in K.S.A. 21-4609, which provides for the custody of persons sentenced to confinement as follows:

"21-4609. Custody of persons sentenced to confinement; notice of modification of sentence. When a person is sentenced to imprisonment upon conviction of a felony, the judgment of the court shall order that such person be committed, for such term or terms as the court may direct, *to the custody of the secretary of corrections.* When such person is sentenced to the custody of the secretary of corrections and such sentence is subsequently modified in any respect, including discharge of such defendant from custody, by a court of this state having jurisdiction of such matter, such court shall thereupon notify the secretary of corrections of the nature of such modification.

"The secretary of corrections may designate as the place of confinement any available and suitable correctional institution or facility maintained by the state of Kansas or a political subdivision thereof.

"Any person serving a sentence of imprisonment may be transferred from one institution to another by order of the secretary of corrections." (Emphasis supplied.)

That statute states clearly that when a person is sentenced to imprisonment upon conviction of a felony such person shall be committed to the *custody* of the Secretary of Corrections. It is up to the Secretary of Corrections to designate the place of confinement, including any state correctional institutions or facilities maintained by the state or *a political subdivision thereof.* There is no provision under Chapter 21, Article 46, which covers sentencing, which authorizes a district court to commit a defendant to the custody of community corrections. On the contrary, community corrections is mentioned only under K.S.A. 1984 Supp. 21-4610 (3)(i) and (l), which provides that the sentencing court may impose any condition of probation or suspension of sentence which it deems proper, including that the defendant (i) reside in a residential center located in the community, or (l) be supervised under a local community corrections service program operated under the community corrections act. Subsection (l) was added in 1984 after sentence was imposed in this case.

After a defendant has been committed to the custody of the Secretary of Corrections, the secretary is given broad discretion in selecting the place of actual custody. The powers of the Secretary of Corrections are set forth generally in K.S.A. 75-5201 *et seq.* K.S.A. 75-5206 provides that the secretary shall have authority to order the housing and confinement of any person sentenced to his or her custody to any institution or facility

placed under the secretary's supervision and management or *to any contract facility*. K.S.A. 75-5209 authorizes the Secretary of Corrections to arrange for the transfer of any inmate for observation and diagnosis or treatment at any other state institution. That section provides that while the inmate is in another institution his or her sentence shall continue to run. K.S.A. 75-5210(b) provides for the secretary to establish programs for work, education or training of inmates. K.S.A. 75-5210(i) permits the secretary to use regional or community institutions, local governmental or private facilities or halfway houses for the placement of inmates participating in work and educational release programs. K.S.A. 75-5267(d) provides that in areas where facilities, programs, and services suitable for work release programs are not available within the State corrections program, when needed, the secretary shall contract with political subdivisions and community corrections centers or facilities for quartering inmates and for programs and services.

These various statutes have been summarized to show the legislative scheme which permits a sentencing court to utilize a community corrections center through the process of placing the defendant on probation, but requires that confinement in the county corrections residential center be made a condition of probation. If a defendant is committed under a sentence, the commitment must be made to the custody of the Secretary of Corrections, who may then utilize community corrections facilities by contract in carrying out programs to rehabilitate a convicted felon.

It is thus clear that in the present çases the trial court had no authority to commit each of the defendants to the custody of the Secretary of Corrections and then order they reside in the Sedgwick County Community Corrections Residential Facility without placing them on probation.

The question to be determined is whether each of the defendants was entitled to jail time credit during the period each resided in the community corrections center. It is important to note the difference between "jail time credit" and "good time credit." "Jail time credit" must be determined by the sentencing court and included in the journal entry at the time the trial court sentences the defendant to confinement. This requirement is found in K.S.A. 21-4614, which is set forth in full earlier in the opinion. K.S.A. 21-4620 requires that the journal entry or judg-

ment form contain a statement of the effective date of the sentence indicating whether it is the date of imposition or some date earlier "to give credit for time confined pending disposition of the case pursuant to K.S.A. 21-4614."

"Good time credit" is provided for in K.S.A. 1984 Supp. 22-3717(a) so that an inmate shall be eligible for parole after serving the entire minimum sentence imposed by the court, less good time credits. Section (m) defines "good time credits" to mean one day for every three days served and one month for every year served, awarded on an earned basis pursuant to rules and regulations adopted by the Secretary of Corrections. Section (n) provides additional "meritorious good time credits" in addition to regular "good time credits." The department of corrections has adopted regulations covering the subject of "good time credits." See K.A.R. 44-6-101 *et seq.* K.A.R. 44-6-117 contains a table giving the allocation of good time credits.

In Kansas, the right to jail time credit is statutory. *State v. Babcock*, 226 Kan. 356, 358, 597 P.2d 1117 (1979). Jail time credit varies widely among the various states, depending upon the language of that particular state's statutes. See, for example, the annotation on the subject in 24 A.L.R. 4th 789, containing cases dealing with a defendant's right to credit for time spent in a halfway house or other rehabilitation center or any other restrictive imprisonment as a condition of probation. See also the annotation in 28 A.L.R. 4th 1265 on the subjection of computation of incarceration time under work release or "hardship" sentences.

Prior to the enactment of the Kansas Code of Criminal Procedure in 1970, the Kansas cases held that a defendant, who was confined in a county jail for a period of time as a condition of probation, was not entitled to credit for the time served, in the event his probation was later revoked and he was committed to the custody of a state correctional institution. In *In re McClane*, 129 Kan. 739, 284 Pac. 365 (1930), the defendant was convicted of attempted rape and was paroled (probated) by the district court from a jail sentence on condition that he serve six months in the Neosho County jail. The defendant later violated the terms of his parole and it was revoked. The defendant contended that he was entitled to six months' credit for the time served in the county jail under his probation agreement. This court held that,

where a defendant requests a parole after sentence and accepts the conditions thereof imposed by the trial court, he cannot, after violation thereof, be heard to complain of its conditions or have the time counted on that of the original sentence. *McClane* is cited with approval in *Bowers v. Wilson,* 143 Kan. 732, 737, 56 P.2d 1212 (1936).

The Kansas Code of Criminal Procedure, adopted in 1970 and as amended, contains specific statutes which allow jail time credit on a sentence where the defendant was confined under a variety of circumstances. K.S.A. 21-4614 requires that credit be given for all times spent in jail for the time which the defendant has spent incarcerated "pending the disposition of the defendant's case." This section has been construed to require credit for all time spent in jail from the time of arrest to the imposition of sentence. *State v. Snook,* 1 Kan. App. 2d 607, 571 P.2d 78 (1977). K.S.A. 1984 Supp. 22-3716 provides that the court may count toward completion of the terms of probation any time between the issuing of a warrant for probation violation and the arrest. K.S.A. 1984 Supp. 22-3716(3) provides that a defendant who is under suspension of sentence and for whose return a warrant has been issued by the court shall be considered a fugitive from justice if it is found that the warrant cannot be served. If it appears that the defendant has violated the provisions of his release, the court shall determine whether the time from the issuing of the warrant to the date of the defendant's arrest, or any part' of it, shall be counted as time served on probation or suspended sentence.

In *State v. Thorn,* 1 Kan. App. 2d 460, 570 P.2d 1100 (1977), it was held that when a defendant has spent time in jail solely awaiting disposition of revocation of probation proceedings, he is entitled to an allowance of time on his sentence as provided by K.S.A. 21-4614. Under K.S.A. 22-3722, where a defendant has been committed to the custody of the Secretary of Corrections, the period served on parole or conditional release shall be deemed service of the term of confinement. Hence, an inmate is entitled to credit on his sentence for the period the secretary placed him on parole or conditional release. K.S.A. 1984 Supp. 21-4608(6)(d) provides that when indeterminate sentences are imposed to be served consecutively to sentences previously imposed in any other court, the inmate shall be given credit on

the aggregate sentence for time spent incarcerated on the previous sentences, for the purpose of determining the date sentence begins and the parole eligibility, conditional release and net maximum dates.

K.S.A. 22-3430 permits a trial court to commit a defendant, after conviction, to a state or county institution when he is in need of psychiatric care and treatment, in lieu of confinement or imprisonment. K.S.A. 22-3431 provides that time spent in the county or state institution under K.S.A. 22-3430 shall be credited against any sentence, confinement or imprisonment imposed on the defendant. K.S.A. 22-3504 declares that the court may correct an illegal sentence at any time and that the defendant shall receive full credit for the time spent in custody prior to correction of sentence.

These various statutes are cited to show that, throughout the Criminal Code, the legislature, in its discretion, has provided for jail time credit on a sentence where the defendant has spent time in confinement under certain specific circumstances. There is no statute which provides that a defendant shall have credit for time spent in confinement as a condition of probation required by the trial court. In *State v. Snook*, 1 Kan. App. 2d 607, it was held that when probation is revoked, neither the applicable statutes nor the Constitution requires that the defendant be given credit on his sentence for time spent on probation.

*State v. Babcock*, 226 Kan. 356, holds that when probation is revoked, a trial court may not give credit on a defendant's sentence for time spent in a halfway house fulfilling a condition of probation. The opinion in *Babcock* implies that if a defendant has been placed on probation he is entitled to jail time credit for any time spent in the actual or constructive control of jail or prison officials. We have concluded, however, that under K.S.A. 21-4614, a defendant is not entitled to credit for the time he is confined in a jail or in a community corrections residential facility imposed as a condition of probation. K.S.A. 21-4614 is applicable only to the period from the time the defendant is arrested on criminal charges to the time his case is disposed of by the trial court under one of the alternatives set forth in K.S.A. 1984 Supp. 21-4603(2). We, therefore, hold that K.S.A. 21-4614 does not authorize or require jail time credit to be awarded to a defendant during the period of time the defendant resides at a

community corrections facility on order of the trial court as a condition of suspension of sentence or as a condition of probation. Thus, in the present cases, if each defendant had been placed on probation and required as a condition of probation to reside at the Sedgwick County Community Corrections Center, neither of them would be entitled to jail time credit on their respective sentences.

A difficulty in each case arises, however, because the district court, without authority and contrary to K.S.A. 1984 Supp. 21-4603(2), imposed sentence and committed the defendant to the custody of the Secretary of Corrections and then ordered that he be committed to the custody of the Sedgwick County Community Corrections Center without making that confinement a condition of probation. We have concluded that each defendant is entitled to jail time credit for the time he was improperly committed to the community corrections facility, on the basis that he was, in effect, awaiting a proper disposition of his case. This determines the issue raised in the appeal brought by the State.

We will now consider the cross-appeal of the defendant, Fowler. Defendant Fowler first maintains that the district court erred in refusing to allow him jail time credit, under K.S.A. 21-4614, for time spent in the county jail in a work release program imposed as a condition of probation. Defendant Fowler entered a plea of guilty to giving a worthless check (K.S.A. 21-3707). On October 19, 1983, the trial court sentenced Fowler to the custody of the Secretary of Corrections for a minimum period of one year. The defendant made oral application to the court for probation from the confinement portion of his sentence. The court sustained the motion and granted probation on the condition, among others, that defendant remain in custody of the Sedgwick County community work release program until the further order of the court. Thereafter, the defendant was placed on the work release program from the Sedgwick County jail. On December 13, 1983, a hearing was held at which time it was determined that Fowler had violated the terms of his probation and his probation was revoked. Fowler was committed to the custody of the Secretary of Corrections but it was ordered that he be committed to the supervision of the Sedgwick County community corrections program. He was advised in the journal entry that his failure to abide by the rules, terms, and regulations of the

correction facility would be cause for the court to transfer him to some other facility of the Secretary of Corrections. It is clear from the record that the defendant was confined to the county jail under the work release program as a condition of his probation for a period of 51 days. It is this 51-day period for which defendant Fowler claims credit in his cross-appeal. In accordance with the conclusions set forth above, we hold that defendant Fowler was not entitled to jail time credit for time spent in the Sedgwick County jail where the work release program was a condition of his probation. Here, probation was actually granted to the defendant. His case was disposed of lawfully by the trial court under K.S.A. 1984 Supp. 21-4603(2). As we have interpreted K.S.A. 21-4614, he is not entitled to jail time credit for that period.

Defendant Fowler's second point on his cross-appeal is that the revocation of his commitment to the community corrections department and his transfer to the custody of the Secretary of Corrections must be set aside, because he was not represented by counsel at the first hearing which was held on October 17, 1984. As noted heretofore in the opinion, the court stated on the record that it regarded the procedure as an administrative hearing at which the defendant was not entitled to be represented by counsel. The court stated that the sole issue to be determined was whether the defendant had violated any term or terms required by the community corrections system. However, the court recessed the hearing following the presentation of the State's witness in order that defendant might obtain legal counsel. No decision was actually rendered on the original hearing on October 17, 1984. On October 24, 1984, defendant appeared in person and with his counsel. The matter was again continued to November 9, 1984, when defendant appeared in person and with counsel. The court directed the State to present any evidence regarding the allegations. The sole witness for the State again testified and was fully cross-examined by defense counsel. The defendant chose to present no evidence. At the close of that hearing, the court found that the defendant had violated his agreement with the Sedgwick County Community Corrections Center and ordered that defendant be transported by the sheriff to the custody of the Secretary of Corrections.

We have considered the entire record and have concluded that

the defendant was not prejudiced by not having his counsel present at the October 17 hearing. At the November 9 hearing, defendant was present and represented by counsel. The State presented the same evidence. The defendant chose not to present evidence. Under the circumstances, we hold that the lack of counsel for defendant at the first hearing, although error, constituted harmless error and that the order removing defendant from the Sedgwick County community corrections program and his transfer to the custody of the Secretary of Corrections should not be set aside.

For the reasons set forth above, it is the judgment of this court that the judgment of the district court granting the defendant Fowler and the defendant Edwards jail time credit for the period of time they were confined in the custody of the Sedgwick County Community Corrections Center is affirmed. It is further the judgment of this court that the judgment of the district court denying to defendant Robert Fowler jail time credit for the time he spent in the Sedgwick County jail under a work release program as a condition of his probation is affirmed.

The judgment of the district court determining that defendant Fowler had violated the conditions of his contract with the Sedgwick County Community Corrections Center and transferring him to the custody of the Secretary of Corrections is affirmed.