(941 P.2d 954)

No. 76,491

STATE OF KANSAS, *Appellee*, v. FRANKLIN A. TAYLOR, *Appellant*.

Opinion filed July 3, 1997.

*Janine Cox*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Doyle Baker*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BRAZIL, C.J., GERNON and GREEN, JJ.

BRAZIL, C.J.: Franklin A. Taylor pled guilty to indecent liberties with a child in three separate cases arising in three different counties. The cases all involved the same child victim. He appeals the district court's denial of his motion for jail time credit in one of those counties. We affirm.

## Harvey County

On January 10, 1994, the State charged Taylor in Harvey County case No. 94 CR 6222. On June 13, 1995, Taylor pled guilty, and on August 8, 1995, the court imposed a 3- to 10-year sentence. The court ordered the sentence to begin on August 8, 1995, and granted Taylor 187 days of jail time credit.

## Reno County

The State charged Taylor in Reno County case No. 93 CR 535. The trial docket shows Taylor first appeared on August 1, 1994, and the court set bond at $10,000. It is unclear if Taylor was released on bond. The trial docket indicates that Taylor was arraigned

on October 3, 1994, and that he was in jail on that date. On July 15, 1995, Taylor pled guilty, and on August 18, 1995, the court sentenced him to 3 to 10 years' incarceration, to run concurrent with the Harvey County sentence.

### Sedgwick County

The State charged Taylor on March 28, 1994, in Sedgwick County case No. 94 CR 517. On December 6, 1994, a hold was placed on Taylor, who was incarcerated in either Reno or Harvey County. Taylor first appeared before the court on July 31, 1995, when he pled guilty. On September 5, 1995, the court imposed a 3- to 10-year sentence, to begin the same day. The court ran the sentence concurrent with Taylor's other sentences.

In January 1996, Taylor filed a motion seeking jail time credit against his Sedgwick County sentence. The court denied the motion, noting that when the Sedgwick County case began, Taylor was already in custody in the Reno and Harvey County cases. The court stated:

"Now then, the next issue is whether I actually have jurisdiction to authorize that eight-month or six-to-eight-month credit on a case that the defendant was being held, even though this action had not started and the defendant had not appeared on this case. It is the Court's opinion that even if I were so inclined, and I'm not, I would not legally have a right to give him credit for that six-to-eight-month period because he was not being held for—or during the pendency of this case. He was being held for the Reno County and Harvey County action, and so I don't even have power, in my opinion, to retroactively give him credit."

The court also noted that it had given Taylor "a break" at sentencing by deciding not to run his sentences consecutively.

Taylor contends that he is entitled to credit from August 1, 1994, when he claims he was first incarcerated, until September 5, 1995, the date he was sentenced in Sedgwick County. The record does not indicate whether Taylor was incarcerated on August 1, 1994; the Reno County trial docket indicates that he was in jail as of October 3, 1994. In the alternative, Taylor seeks credit from December 6, 1994, the date the Sedgwick County hold was placed on him.

In Kansas, the right to jail time credit is statutory. *State v. Fowler*, 238 Kan. 326, 336, 710 P.2d 1268 (1985). K.S.A. 21-4614 provides that sentence starting dates shall be computed to allow credit for "the time which the defendant has spent incarcerated pending the disposition of the defendant's case." In *Campbell v. State*, 223 Kan. 528, 530-31, 575 P.2d 524 (1978), our Supreme Court held that a defendant is entitled to jail time credit only for time held in custody solely on account of those charges for which he is now being sentenced. See *State v. Calderon*, 233 Kan. 87, 97-98, 661 P.2d 781 (1983).

Here, Taylor was held in the Reno and Harvey County jails because of charges in Reno, Harvey, and Sedgwick County. Taylor was not incarcerated solely on account of the Sedgwick County charges. Therefore, he is not entitled to credit against his Sedgwick County sentence. See *State v. Calderon*, 233 Kan. at 97-98.

Taylor cites the following statement from *Campbell:* "A defendant is not entitled to credit on a sentence for time which he has spent in jail upon other, distinct, and wholly *unrelated* charges." (Emphasis added.) *Campbell v. State*, 223 Kan. 528, Syl. ¶ 2. Taylor reasons that the charges in the three counties are related because each of the cases involves the same victim and the same charge of indecent liberties with a child. Taylor argues that because the charges are related, he should receive credit against his Sedgwick County sentence even though he was incarcerated in Reno and Harvey County on account of all three charges.

*Campbell v. State* involved drug charges in one county and burglary and theft charges in another county. Despite the quoted statement from the syllabus, the opinion does not address the degree of relation between the charges, or whether a defendant must receive jail time credit on related charges. See 223 Kan. at 528-31.

In *State v. Calderon*, the defendant was charged in Riley County with kidnapping and in Pottawatomie County with aggravated sodomy. The defendant was held in Riley County on the kidnapping charge while the aggravated sodomy charge from Pottawatomie County was pending. The charges were related in that they stemmed from the same sequence of events involving the abduction of a young boy. 233 Kan. at 88. Nevertheless, the court refused

to allow jail time credit against the Pottawatomie County sentence for the time the defendant was incarcerated in Riley County, reasoning that the defendant was not held in Riley County solely as a result of the aggravated sodomy charge filed in Pottawatomie County. 233 Kan. at 98.

Although *Calderon* did not directly address the issue, the court's decision indicates that the factual relationship between charges filed in separate counties is not relevant to determining whether a defendant should receive jail time credit against a particular sentence. Rather, the appropriate inquiry is the test utilized in both *Campbell* and *Calderon*: whether the defendant was incarcerated solely on account of a particular charge. If so, then the defendant is entitled to jail time credit against the sentence for that charge. See *Campbell v. State*, 223 Kan. at 530-31; K.S.A. 21-4614. If not, then the defendant should receive credit only against the sentence for charges filed in the county in which he or she is held. See generally *State v. Jenkins*, 10 Kan. App. 2d 8, 10, 690 P.2d 396 (1984) (holding that jail time credit is mandatory and a defendant must receive credit for all time spent in custody on the charges for which he or she is sentenced).

Although Taylor is not entitled to credit against his Sedgwick County sentence, he is clearly entitled to credit against his Reno and Harvey County sentences for the time he was incarcerated in the Reno and Harvey County jails. See K.S.A. 21-4614. Unfortunately, the record does not indicate how long Taylor spent in either Reno or Harvey County. Taylor received 187 days' credit against his Harvey County sentence, but he claims that he did not receive any credit against his Reno County sentence. Whether Taylor received jail time credit in his Reno County case is unclear. The appellate record contains only the journal entry from Reno County case no. 93 CR 555; Taylor did not request any other documents from that case. The journal entry does not mention jail time credit, or even give a sentence starting date. As a result, we cannot determine if Taylor received jail time credit against his Reno County sentence. In any event, whether Taylor is entitled to jail time credit

against his Reno County sentence is a matter to be determined in the Reno County case.

Affirmed.