NOT DESIGNATED FOR PUBLICATION

No. 112,989

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JACOB D. HENSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed January 8, 2016. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Daniel D. Gilligan*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., POWELL, J., and DAVID J. KING, District Judge, assigned.

*Per Curiam*: Jacob D. Henson appeals the district court's order denying his request for additional jail time credit. Henson was arrested and charged with multiple drug crimes and interference with a law enforcement officer. These crimes occurred while Henson was released on bond and awaiting sentencing in another case.

Henson was held at the Reno County jail awaiting trial in this case. He spent the remaining time in the custody of the Department of Corrections (DOC) serving the prison sentence imposed in the other case. He was returned from DOC to the Reno County jail

1

about five times for pretrial hearings in this case. Altogether, Henson spent 46 days in the Reno County jail before his sentencing in this case.

Eventually Henson pled guilty to the various charges. The district court sentenced Henson to 28 months' imprisonment to be served concurrently with his 24-month prison sentence in his other case. The district court granted Henson 46 days of jail time credit.

Henson then moved the district court to correct his sentencing journal entry, arguing that the district court's determination of the sentence start date was incorrect. At the hearing on Henson's motion the district court denied relief, finding the original journal entry gave "credit for time served which is for time he served solely on this case and not any other case." Henson appeals, contending he was entitled to jail time credit for the entire period between his arrest and sentencing.

Henson's claim to additional jail time credit raises an issue of law over which our review is unlimited. See *State v. Dale*, 293 Kan. 660, 662, 267 P.3d 743 (2011). To the extent Henson contests the district court's factual findings, we apply the substantial competent evidence standard. See *State v. Vaughn*, 288 Kan. 140, 143, 200 P.3d 446 (2009).

The right to jail time credit is purely statutory. *State v. Taylor*, 24 Kan. App. 2d 80, 82, 941 P.2d 954, *rev. denied* 262 Kan. 969 (1997). Generally, a criminal defendant is entitled to jail time credit for time served in confinement during the pendency of his or her case. A defendant's sentence start date must "be established to reflect . . . the time which the defendant has spent incarcerated pending the disposition of the defendant's case." K.S.A. 2014 Supp. 21-6615(a). "[A] defendant is entitled to jail time credit only for time held in custody solely on account of those charges for which he is now being sentenced." 24 Kan. App. 2d at 82 (citing *State v. Calderon*, 233 Kan. 87, 97-98, 661 P.2d 781 [1983]; *Campbell v. State*, 223 Kan. 528, 530-31, 575 P.2d 524 [1978]).

Henson relies on *White v. Bruce*, 23 Kan. App. 2d 449, 932 P.2d 448, *rev. denied* 262 Kan. 969 (1997). *White*, which involved the calculation of postrelease supervision time, does not apply, but the reasoning it employs supports the State's position, not Henson's. In *White*, the defendant completed his prison sentence and was released to serve 24 months of postrelease supervision. While on postrelease supervision, the defendant committed a new crime and was sentenced to 12 months' imprisonment. The district court granted the defendant jail time credit against his 12-month sentence for the period between his arrest and sentencing. But the court also granted the defendant credit against his postrelease term for the period between his arrest and the date on which his postrelease supervision was revoked, which occurred following his conviction.

On appeal, this court reversed, stating that "the central issue is whether an inmate can serve an unrevoked term of postrelease supervision while incarcerated." 23 Kan. App. 2d at 453. The defendant's postrelease supervision was interrupted and suspended by his reincarceration. Although his postrelease supervision had not yet been revoked, the defendant was no longer serving postrelease supervision during the time he was held on new criminal charges. Thus, "the time spent incarcerated did not vest as credit against [the defendant's] postrelease supervision term." 23 Kan. App. 2d at 455.

In circumstances such as Henson's, the Kansas rule is clear: The district court only grants jail time credit for the period of time during which the defendant is being held in custody solely on account of the charge for which he is being sentenced. Henson's time incarcerated in the custody of the DOC was for an unrelated conviction. Henson was not entitled to jail time credit for the entire period between his arrest and sentencing, but only for the time he was held in the Reno County jail on these charges. The district court's findings were appropriate, and the district court did not err in denying Henson's request for additional jail time credit.

Affirmed.

3

\* \* \*

POWELL, J., concurring:  While I agree with the majority that Henson's appeal seeking additional jail credit lacks merit, I write separately to express my view that we lack jurisdiction to consider the merits of Henson's jail credit claim and, therefore, I would dismiss his appeal. Although not argued by either party, this court has the duty to question jurisdiction on its own, and if jurisdiction is lacking, then our duty is to dismiss the appeal. *State v. J.D.H.*, 48 Kan. App. 2d 454, 458, 294 P.3d 343, *rev. denied* 297 Kan. 1251 (2013).

"The right of appeal is entirely a statutory right; no appellate review is required by the United States Constitution or the Kansas Constitution. [Subject to certain exceptions,] this court has no jurisdiction to entertain an appeal . . . unless the defendant appeals within the time prescribed by the statutes." 48 Kan. App. 2d at 458. Under K.S.A. 2014 Supp. 22-3608(c), a criminal defendant has 14 days from sentencing to file a notice of appeal. See *Wahl v. State*, 301 Kan. 610, 615, 344 P.3d 385 (2015) (noting 14-day period for appeal runs from sentencing date). Moreover, if a notice of appeal is not filed within the statutory time period, then the appeal must be dismissed for lack of jurisdiction. *State v. Hemphill*, 286 Kan. 583, 588, 186 P.3d 777 (2008).

Jail credit is part of a defendant's sentence and "'[j]ail time credit' must be determined by the sentencing court and included in the journal entry at the time the trial court sentences the defendant to confinement." *State v. Theis*, 262 Kan. 4, 7, 936 P.2d 710 (1997) (citing *State v. Fowler*, 238 Kan. 326, 335, 710 P.2d 1268 [1985]); see K.S.A. 2014 Supp. 21-6615(b). Because jail credit is part of a defendant's sentence and because Henson never filed an appeal from his sentence and jail credit determination, his appeal of the jail credit issue is barred.

4

The fact that Henson timely appealed from the district court's denial of his motion seeking additional jail credit is of no help to him either as I question the validity of a postsentencing motion for jail credit as it does not exist in the Kansas code of criminal procedure. Recognizing this, our court for many years treated motions for jail credit as either motions to correct an illegal sentence or motions under K.S.A. 60-1507. See *State v. Dunbar*, No. 101,919, 2010 WL 2044939, at *2 (Kan. App.) (unpublished opinion), *rev. denied* 290 Kan. 1097 (2010); but see *State v. Lofton*, 272 Kan. 216, 217, 32 P.3d 711 (2001) (attack on computation of jail credit not a claim of an illegal sentence); *State v. Muldrow*, No. 107,291, 2013 WL 1149704, at *3 (Kan. App.) (unpublished opinion) (attack on computation of jail credit not a claim under K.S.A. 60-1507), *rev. denied* 297 Kan. 1253 (2013).

However, even allowing that a postsentencing motion seeking additional jail credit is a proper vehicle for a defendant to obtain any earned jail credit, Henson is still out of time as he filed his motion more than 14 days after the journal entry reflecting his jail-time credit was filed. See *State v. Blazier*, No. 110,070, 2014 WL 4916599, at *4 (Kan. App. 2014) (unpublished opinion) (defendant's motion for jail credit filed years after district court's jail credit calculation untimely).