NOT DESIGNATED FOR PUBLICATION

No. 115,180

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

ISHMAEL PORRATA,
*Appellant.*


MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed March 17, 2017. Affirmed

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., ATCHESON, J., and STUTZMAN, S.J.

STUTZMAN, J.:  Ishmael Porrata contends that the journal entry from his third probation violation hearing, when the district judge revoked his probation and ordered him to serve his sentence, improperly failed to include 43 days of jail credit referred to by the district judge at his second violation hearing. For the reasons explained below, we find the journal entry was correct, and we affirm.

1

FACTS AND PROCEDURAL BACKGROUND

Porrata entered a guilty plea to possession of methamphetamine on May 14, 2014. In July of that year, the district court imposed the mid-range presumptive sentence of 24 months in prison but granted Porrata probation for 12 months, supervised by community corrections.

One year after his plea, on May 14, 2015, the district court found that Porrata had violated the terms of his probation. The district judge continued him under the supervision of community corrections, reaffirmed the court's previous order for drug treatment, extended the term of his probation for 18 months from the date of the hearing, and imposed no jail sanction. Three months later, Porrata again was found to be in violation of his probation terms. The district court again modified the term of probation to run for 18 months from the date of that hearing, August 12, 2015, and ordered 2 days in jail as an intermediate sanction.

A comment by the district judge at that second probation violation hearing is the basis for Porrata's argument on this appeal. The discussion at that hearing about the appropriate disposition for Porrata's violations centered on his entry into the residential community corrections program. The judge was told a 2-week wait for a bed was likely, and the State asked for the 2-day intermediate sanction pending Porrata's admission to the program. It was then that the judge commented:

> "Your time served up to today will be credited against your ultimate sentence. I can't credit it against the quick dip. You are ordered to serve a 2-day quick dip commencing today. So Friday you will get out of jail. Monday morning you report to Ms. Mueller and you continue to report until your bed is available in [r]esidential."

There was no other mention of jail credit at this hearing.

2

Finally, on October 20, 2015, Porrata came before the court on another probation violation warrant. The record shows the court applied the exception in K.S.A. 2015 Supp. 22-3716(c)(9) to revoke Porrata's probation, based on findings that Porrata was no longer amenable to probation, that further probation would not serve his interests, and that "[o]ffender reformation is not served by reinstating [*sic*] defendant's probation." No mention of jail credit was made at this hearing.

The journal entry for the October hearing detailed the jail time to be credited against Porrata's sentence as well as periods of incarceration that would not be applied to this case. That accounting specifically noted that Porrata would not be given credit for 43 days of incarceration between July 2, 2015, and August 13, 2015, because "defendant was in custody for Wichita Municipal case no: 13CM3075, therefore is not eligible for duplicate credit in the instant case." In this appeal, Porrata challenges the failure to apply those 43 days against his sentence in this case.

ANALYSIS

"The right to jail credit is statutory. *State v. Fowler,* 238 Kan. 326, 336, 710 P.2d 1268 (1985)," *State v. Parks,* 27 Kan. App. 2d 544, 544, 6 P.3d 444 (2000); see *State v. Brown,* 38 Kan. App. 2d 490, 491, 167 P.3d 367 (2007) (right to jail time credit upon revocation of probation is statutory). As a preliminary matter Porrata failed to raise this issue below when the district court revoked his probation and ordered him to serve his underlying sentence. Generally, issues not raised before the trial court cannot be raised on appeal. See *State v. Kelly,* 298 Kan. 965, 971, 318 P.3d 987 (2014). Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. Annot. 34) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. Those who fail to comply with this rule risk the issue will be deemed waived or abandoned. *State v. Godfrey,* 301 Kan. 1041, 1043-44, 350 P.3d 1068 (2015) (Rule 6.02[a][5] will henceforth

3

be strictly enforced); *State v. Williams,* 298 Kan. 1075, 1085, 319 P.3d 528 (2014) (cautioning future litigants to comply with Rule).

Porrata argues that his jail credit issue is preserved as it requires only an order nunc pro tunc to correct the journal entry, which may be done at any time as allowed by K.S.A. 22-3504(2), which states: "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."

Having adopted that stance on preservation, however, Porrata fails to direct us to anything in the record to show he sought an order nunc pro tunc from the district court to correct the "clerical mistake" or "oversight" he alleges. Neither does he comply with Supreme Court Rule 6.02(a)(5), despite the Supreme Court's explicit admonitions. Since the issue raised, however, is not complex, we nevertheless will consider the merits of Porrata's argument, as it presents only a question of law based on admitted facts and is determinative of the case. *State v. Phillips,* 299 Kan. 479, 493, 325 P.3d 1095 (2014).

Porrata contends the holding in *Abasolo v. State*, 284 Kan. 299, 160 P.3d 471 (2007), binds the district court to the statement the judge made at the second probation violation hearing. Abasolo had been sentenced to a controlling 52-month sentence but was granted a departure and was placed on probation. At a probation violation hearing, the district court decided to revoke Abasolo's probation, and announced: "'I'm going to order her to serve her sentence. It is 36 months, minus 15 percent for good time credit, presuming she earns that while in custody.'" 284 Kan. at 301.

In response to the conflict between the duration of Abasolo's original sentence and the judge's pronouncement on revocation, the State acknowledged that the Supreme Court had held that any discrepancy between a court's statement imposing sentence from the bench, and the recorded sentence in a journal entry, is controlled by the statement

4

made from the bench. However, the State maintained that the rule should not apply when a judge orders revocation at a probation violation hearing and directs a sentence to be served that differs from the original sentence. The Supreme Court rejected that distinction, noting that the district court could impose a lesser sentence on revocation, without stating any reasons. 284 Kan. at 306. The court also rejected the State's further argument, that the reduced period stated at the probation hearing created ambiguity, noting the specificity of the pronouncement. 284 Kan. at 308.

Porrata's reliance on *Abasolo* might be more persuasive if his issue concerned the duration of the underlying sentence imposed. It does not. The question before us concerns credit for confinement awaiting disposition on the probation violation allegations, and the journal entry provided the necessary answer. Although jail credit affects calculation of the time a defendant will spend when ordered to serve his or her sentence—determining the "sentence begins date"—it is not the sentence, and our Supreme Court has long been clear on the rule that controls Porrata's situation: "A defendant is not entitled to credit on a sentence for time which he or she has spent in jail upon other, distinct, and wholly unrelated charges." *State v. Denney*, 278 Kan. 643, Syl. ¶ 1, 101 P.3d 1257 (2004).

The journal entry from Porrata's revocation specifically noted that he was *not* solely confined between July 2 and August 13, 2015, because of this probation violation case. During that time, he was in custody for a Wichita municipal court case. We also observe that the journal entry denied credit for three other periods of time Porrata spent in jail on Wichita municipal court cases. He neither challenges those determinations nor shows he failed to receive jail credit in the municipal court cases.

The issue here is not one of clerical error, oversight, or omission. To the contrary, Porrata's complaint concerns a decision on jail credit that clearly was made purposely. He "acknowledges that the district court's journal entry provides an explanation for its non-award of jail credit," but he fails to cite to any part of the record or offer any argument to

5

show why that explanation was wrong. Porrata simply contends that once the district judge said he would get credit for the time served pending the August 2015 proceeding, he was then irrevocably entitled to the credit. For the reasons discussed above, Porrata's reliance on *Abasolo* is inapposite, and the question is decided instead on the principle stated in *Denney*.

We find no error and affirm.