NOT DESIGNATED FOR PUBLICATION

Nos. 117,332
117,333

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOEY LAURO TERRAZAS-GARCIA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; ROBERT J. FREDERICK, judge. Opinion filed June 15, 2018. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*William C. Votypka*, deputy county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL and BUSER, JJ.

PER CURIAM: Joey Lauro Terrazas-Garcia appeals the district court's denial of credit for the time he spent in a Colorado jail against the sentences imposed in these two Kansas drug cases. Finding no error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On April 14, 2014, Terrazas-Garcia pled no contest to possession of methamphetamine in Finney County case No. 14CR59 (first 2014 drug case). Upon his

1

plea, the district court found Terrazas-Garcia guilty. On July 28, 2014, Terrazas-Garcia was found guilty of another charge of possessing methamphetamine in Finney County case No. 14CR265 (second 2014 drug case). Sentencing on the first and second 2014 drug cases (collectively, the 2014 drug cases) occurred on September 15, 2014. The district court sentenced Terrazas-Garcia to an 18-month term of probation in each case, with an underlying prison sentence of 28 months in each case to run consecutively.

A few months later, on December 22, 2014, Terrazas-Garcia stipulated that he violated his probations in the 2014 drug cases. As a result, the district imposed a three-day jail sanction and extended the probations. A few months later, on April 24, 2015, Terrazas-Garcia again stipulated to violating his probations in the 2014 drug cases. Accordingly, the district court imposed a 180-day prison sanction and again extended the probations.

On April 21, 2016, Terrazas-Garcia was involved in a Kansas shooting and fled to Colorado. On May 3, 2016, Terrazas-Garcia was arrested in Colorado on unrelated local charges and, as a result, was detained in a Colorado jail. On July 19, 2016, the proceedings for the Colorado charges were terminated and Terrazas-Garcia was transported back to Kansas.

The State filed motions to revoke Terrazas-Garcia's probations in his 2014 drug cases on August 18, 2016. That same day, warrants were issued for Terrazas-Garcia's arrest related to the alleged probation violations in the 2014 drug cases. The arrest warrants were served on Terrazas-Garcia on August 22, 2016.

On December 2, 2016, Terrazas-Garcia pled guilty to aggravated battery and possession of a firearm stemming from an April 21, 2016 shooting incident in Finney County case No. 16CR211 (2016 shooting case). As part of a global plea agreement, in

2

addition to his guilty plea in the 2016 shooting case, Terrazas-Garcia also stipulated to violating his probations in the 2014 drug cases.

A joint hearing involving sentencing in the 2016 shooting case and the disposition of Terrazas-Garcia's probation violations in the 2014 drug cases was held on January 12, 2017. First, the district court addressed sentencing in the 2016 shooting case. As part of the sentencing proceeding, Terrazas-Garcia stated that he was challenging the beginning date for calculating his jail time credit.

While still discussing the 2016 shooting case, Terrazas-Garcia's attorney pointed out that a Kansas arrest warrant was issued on May 4, 2016, and he suggested that a detective handed Terrazas-Garcia the warrant in Colorado, informing him of the charges that same day. The return on the arrest warrant, however, memorialized that it was not served on Terrazas-Garcia until July 19, 2016. Defense counsel argued that Terrazas-Garcia should be granted jail time credit starting on May 4, 2016, and that there was a late return filed on the arrest warrant.

The district court responded by asking, "Would the problem with that not be that although a warrant may have been handed to him on that day, he was in the custody of the Colorado authorities, was he not?" Terrazas-Garcia's attorney acknowledged that Terrazas-Garcia was in Colorado custody but he did not know when Colorado charges were officially filed. A sheriff's deputy replied:

> "He was arrested in Colorado, and when we found out he was arrested, he had local charges. And he did not get done with his local charges until July 19th, at which time his time started running for us. That's when he was released from, and that's when he signed his waiver for us to come get him. And that's why the time doesn't start until July 19th."

3

The district judge concluded:

"I think this deputy has accurately laid out for us the chronology of events . . . that he was being held by Colorado on a Colorado case until that case was concluded on or about July 19th . . . .

. . . .

"Even if [the detective] handed [Terrazas-Garcia] a copy of a warrant that day, he wasn't being held by Kansas. He was being held by Colorado."

The district court sentenced Terrazas-Garcia to a controlling term of 38 months in prison for the 2016 shooting case. He was awarded 34 days of jail time credit in that case. This award represented the time Terrazas-Garcia was in custody from July 19, 2016, through August 21, 2016—the day before arrest warrants were served in the 2014 drug cases. The district judge determined that he could not award jail time credit before July 19, 2016, stating, "I can only give you the time that you were being held for the State of Kansas, and that time began on July the 19th, 2016, and ran through and including today's date."

Next, the district court turned to the disposition of Terrazas-Garcia's probation violations in the 2014 drug cases. The district court revoked Terrazas-Garcia's probations and ordered him to serve the underlying sentences. With regard to jail time credit, the district court awarded 485 days in the first drug case and 73 days in the second drug case; 144 of the 485 days awarded in the first drug case represented the time Terrazas-Garcia was in custody from August 22, 2016—the day the arrest warrants for the 2014 drug cases were served—through January 12, 2017—the day of the joint sentencing and probation revocation hearing.

Importantly, during the probation revocation phase of the joint hearing, Terrazas-Garcia did not request jail time credit for time served in the Colorado jail. Regardless, the

4

district court did not award any jail time credit against Terrazas-Garcia's sentences imposed in the 2014 drug cases for time he served in the Colorado jail.

Terrazas-Garcia appeals the district court's award of jail time credit in the 2014 drug cases. These two cases were consolidated for appeal. Of note, this appeal does *not* involve Terrazas-Garcia's sentence or request for jail credit in his 2016 shooting case.

### THE DISTRICT COURT DID NOT ERR BY DENYING TERRAZAS-GARCIA JAIL TIME CREDIT FOR TIME SERVED IN THE COLORADO JAIL

Terrazas-Garcia contends the district court erred by ruling that he could not receive jail time credit for time served in Colorado. Terrazas-Garcia asks our court to remand this case for additional fact-finding to determine if and when Colorado authorities began holding him on the probation revocation arrest warrants in the 2014 drug cases.

Kansas provides a statutory right to jail time credit. K.S.A. 2017 Supp. 21-6615; *State v. Hopkins*, 295 Kan. 579, 581, 285 P.3d 1021 (2012). The parties agree that the review of jail time credit requires statutory interpretation. The interpretation of a statute is a question of law over which this court has unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

Under K.S.A. 2017 Supp. 21-6615(a), a judge who sentences a defendant to confinement must grant credit "for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." The provisions of K.S.A. 2017 Supp. 21-6615(a) are mandatory, but they entitle a defendant only to jail time credit for the time he or she was held in custody solely on the charge for which the defendant is being sentenced. *State v. Harper*, 275 Kan. 888, 890, 69 P.3d 1105 (2003).

5

At the outset, Terrazas-Garcia's claim on appeal is predicated on a misstatement of the district court's ruling. The district court did *not* rule that Terrazas-Garcia could not receive jail time credit for the time he served in Colorado merely because he was incarcerated in another state. Rather, the district court found that Terrazas-Garcia was held on Colorado criminal charges during his incarceration in Colorado and he could only receive jail time credit for the time he was being held for the State of Kansas. As a consequence, Terrazas-Garcia's legal claim is without any factual basis.

As a second preliminary matter, as noted by the State, the district court's denial of jail credit for the time Terrazas-Garcia served in Colorado occurred during sentencing in the 2016 shooting case, not in the portion of the hearing related to the probation revocations in the 2014 drug cases. Our review of the record convinces us that Terrazas-Garcia only sought an award of jail time credit based on his Colorado incarceration in the 2016 shooting case, *not* the 2014 drug cases. As a result, he is presenting this issue for the first time on appeal. Issues not raised before the trial court generally may not be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). However, because the merits of this issue are easily addressed we will consider the issue.

Terrazas-Garcia is correct that the provisions of K.S.A. 2017 Supp. 21-6615(a) do not limit an award of jail time credit solely to time served within the state of Kansas. *State v. Thorn*, 1 Kan. App. 2d 460, 462, 570 P.2d 1100 (1977). To determine if a defendant should receive jail time credit against a particular sentence when held in another jurisdiction, the appropriate inquiry is

> "whether the defendant was incarcerated solely on account of a particular charge. If so, then the defendant is entitled to jail time credit against the sentence for that charge. If not, then the defendant should receive credit only against the sentence for charges filed in the county in which he or she is held. [Citations omitted.]" *State v. Taylor*, 24 Kan. App. 2d 80, 83, 941 P.2d 954 (1997).

6

For example, in *Taylor*, the defendant was held in the Reno and Harvey County jails because of pending charges in Reno, Harvey, and Sedgwick Counties. The defendant appealed the district court's denial of jail time credit against his sentence in the Sedgwick County case. The *Taylor* court held the defendant was not entitled to credit against his Sedgwick County sentence for the time served in Reno and Harvey Counties because during that period he was not being held in Reno and Harvey Counties "solely on account of the Sedgwick County charges." 24 Kan. App. 2d at 82.

Although *Taylor* involved multiple counties within Kansas, the same inquiry applies when a defendant is incarcerated in another state. See *State v. Evans*, No. 102,312, 2010 WL 3211713, at *1 (Kan. App. 2010) (unpublished opinion). Thus, Terrazas-Garcia would only be entitled to jail time credit in his 2014 drug cases for the time served in Colorado if he was in jail solely awaiting disposition of his Kansas probation revocation motions. See *Thorn*, 1 Kan. App. 2d 460, Syl. ¶ 1.

The record shows, however, that Terrazas-Garcia was being held in the Colorado jail on Colorado charges. Since Terrazas-Garcia was incarcerated for local Colorado charges the entirety of his Colorado jail term, he was not incarcerated solely on account of his Kansas cases. As a result, Terrazas-Garcia was not entitled to jail time credit for the time served in Colorado against his 2014 drug sentences. The district court did not err in its jail time credit ruling.

Terrazas-Garcia suggests that he was also being held in Colorado on the probation violation warrants in the 2014 drug cases. Once again, Terrazas-Garcia is mistaken. When Terrazas-Garcia's defense counsel was referring to the arrest warrant issued on May 4, 2016, during sentencing in the 2016 shooting case, he was specifically referring to the arrest warrant in the 2016 shooting case. Defense counsel was *not* referring to the probation revocation arrest warrants in the 2014 drug cases. Those warrants were filed on August 18, 2016, and served on August 22, 2016, long *after* Terrazas-Garcia was

7

transported from Colorado to Kansas. As a result, any time Terrazas-Garcia spent in the Colorado jail was not applicable to 2014 drug cases.

"A defendant is not entitled to credit on a sentence for time which he has spent in jail upon other, distinct, and wholly unrelated charges." *Campbell v. State*, 223 Kan. 528, Syl. ¶ 2, 575 P.2d 524 (1978). To be entitled to jail time credit for the time served while in Colorado jail, Terrazas-Garcia's incarceration must have been spent pending the disposition of his probation revocation motions in his 2014 drug cases. See K.S.A. 2017 Supp. 21-6615(a).

In summary, Terrazas-Garcia was incarcerated in Colorado from May 3, 2016, through July 19, 2016. The probation revocation arrest warrants issued in the 2014 drug cases were served on August 22, 2016, *after* Terrazas-Garcia was transported from Colorado to Kansas, while he was awaiting disposition of the 2016 shooting case. Quite simply, Terrazas-Garcia was never held in Colorado pending the disposition of his probation violation arrest warrants in the 2014 drug cases. The district court did not err in its calculation of jail time credits. Terrazas-Garcia's request for a remand to inquire further into this matter is without merit.

Affirmed.