(967 P.2d 775)

No. 77,765

STATE OF KANSAS, *Appellant*, v. MICHAEL WAYNE HEATH, *Appellee*.

Opinion filed October 23, 1998.

*David S. Lord*, associate general counsel of the Office of the Securities Commissioner of Kansas, and *Carla J. Stovall*, attorney general, for appellant.

*James Brent Getty* and *Ryan Kipling Elliot*, assistant appellate defenders, and *Jessica R. Kunen*, chief appellate defender, for appellee.

Before BRAZIL, C.J., RULON, J., and WAHL, S.J.

RULON, J.: The State appeals the district court's order granting defendant Michael Wayne Heath jail time credit and the court's determination of defendant's criminal history. We reverse, vacate defendant's sentence, and remand the cause for resentencing.

On September 7, 1995, defendant entered a plea of guilty in Kansas state court to the unlawful sale of unregistered securities (K.S.A. 17-1255) and unlawful acts in connection with the offer, sale, or purchase of a security (K.S.A. 17-1253). On November 2, 1995, defendant entered a plea of guilty in federal court to a scheme to defraud utilizing the United States mail (18 U.S.C. § 1341 [1994]), conversion of employee benefit assets (18 U.S.C. § 664 [1994]), and money laundering (18 U.S.C. § 1957 [1994]). On April 12, 1996, the federal court sentenced defendant to a prison term of 35 months for mail fraud, concurrent with the other sentences. Defendant surrendered to federal custody on April 22, 1996.

The Kansas district court granted defendant jail time credit for the time he served in the federal penitentiary until he was sentenced in Kansas. The court did not consider defendant's federal convictions and determined defendant's criminal history was "I." On September 26, 1996, the court sentenced defendant to presumptive prison sentences of 18 months for unlawful acts and 12 months for unlawful sale, to run concurrently. The State appeals the court's order sustaining defendant's objection to his criminal history and its order granting defendant jail time credit.

## CRIMINAL HISTORY

The State contends the district court erred in not considering defendant's federal convictions as part of his criminal history. See K.S.A. 21-4721(e)(2) (State may appeal criminal history determination). Defendant asserts the court did not err because his federal and state convictions were for acts arising from a continuous course of conduct. Determining a criminal history sentencing issue involves the interpretation of various provisions of the Kansas Sentencing Guidelines Act. When a statute is plain and unambiguous, this court will not speculate about the legislative intent and will not read the statute to add something not readily found there. *In re Marriage of Killman*, 264 Kan. 33, 43, 955 P.2d 1228 (1998). The interpretation of statutes is a question of law, giving this court an unlimited scope of review. See *State v. Roderick*, 259 Kan. 107, 110, 911 P.2d 159 (1996).

Prior convictions are counted in an offender's criminal history. "A prior conviction is any conviction . . . which occurred prior to sentencing in the current case regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case." K.S.A. 21-4710(a). K.S.A. 21-4710(c) provides that "[e]xcept as otherwise provided, all convictions . . . shall be counted separately in the offender's criminal history." K.S.A. 21-4710(d)(10) and (11) list prior convictions which should not be considered in an offender's criminal history, such as prior convictions for crimes subsequently found unconstitutional; prior convictions that enhance the crime severity level; prior convictions that elevate the classification from misdemeanor to felony; and prior convictions that are elements of the current crime. None of the above-mentioned excluded convictions apply here.

The state complaint charged defendant with offering for sale or selling unregistered securities (K.S.A. 17-1255) from December 8, 1993, through March 25, 1994, and committing unlawful acts in connection with the offer, sale, or purchase of securities (K.S.A. 17-1253) from April 7, 1994, through September 10, 1994, both in Johnson County, Kansas. The federal information charged defendant with mail fraud (18 U.S.C. § 1341) on August 16, 1993, conversion of employee benefit assets (18 U.S.C. § 664) in March 1994, and money laundering (18 U.S.C. § 1957) on August 16, 1993, all in the Western District of Missouri.

The federal and state offenses do not involve the same acts; such occurred on different dates, in different states, and involved different circumstances and individuals. Defendant contends his federal convictions should not count as part of his criminal history in the state court sentencing because the state and federal offenses involved a continuing course of conduct. Defendant cites a Washington statute, which specifically states that prior offenses encompassing the same criminal conduct are considered as one offense for criminal history purposes. See Wash. Rev. Code § 9.94A.360(6)(a)(i) (1996). Kansas does not have a similar statutory provision.

Contrary to defendant's assertions, the record indicates that defendant's acts for which he was convicted in federal and state court consisted of different criminal conduct. As charged, the offenses involved different sets of actions on different dates, even if they were a part of a longstanding, continuous course of conduct. This case does not present the issue of whether a federal conviction would be considered part of an offender's criminal history for state sentencing for the same conduct. Consequently, defendant's federal convictions were prior convictions for purposes of determining his criminal history under Kansas statutes and must be considered by the sentencing court.

## JAIL TIME CREDIT

Contrary to defendant's claim, we have jurisdiction to review the sentencing court's computation of defendant's jail time credits if such computation constitutes an illegal sentence.

K.S.A. 21-4614 provides that sentence starting dates shall be computed to allow credit for "the time which the defendant has spent incarcerated pending the disposition of the defendant's case." A defendant is entitled to jail time credit only for time held in custody solely on account of those charges for which he is currently being sentenced. *State v. Taylor*, 24 Kan. App. 2d 80, 82-83, 941 P.2d 954 (1997) (citing *Campbell v. State*, 223 Kan. 528, 530-31, 575 P.2d 524 [1978]). Any factual relationship between charges filed in separate jurisdictions is not relevant to determining whether a defendant should receive jail time credit.

Here, defendant began his federal imprisonment on April 22, 1996. On April 24, 1996, the Kansas district court issued a bench warrant for defendant for his failure to appear for sentencing. The district court based its award of jail time credit on this warrant, stating that "[t]here being a bond forfeited and a warrant issued . . . I would suggest that he is being held pursuant to these charges and should get credit." Clearly, defendant was not entitled to jail time credit for his time in federal prison because he was not held there solely on the state charge. See *Taylor*, 24 Kan. App. 2d at 81, 83 (defendant not entitled to jail time credit for time spent

in other county on separate charges, even though sentencing county put a hold on defendant).

The defendant's sentence is vacated and the cause is remanded for resentencing consistent with this opinion.