NOT DESIGNATED FOR PUBLICATION

No. 117,770

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES DANIEL FLOYD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Osborne District Court; PRESTON PRATT, judge. Opinion filed January 12, 2018. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: James Daniel Floyd appeals the district court's denial of his request for jail time credit served in federal custody on an unrelated federal case. We granted Floyd's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48), to which the State filed no response. After review, we affirm the district court.

In March 2014, Floyd pled guilty pursuant to a plea agreement to one count of unlawful distribution of marijuana and one count of fleeing and eluding. At the time of sentencing, Floyd had served 15 months in federal prison and was on parole. In May 2014, the Osborne County District Court granted Floyd 18 months' probation with an

1

underlying 22-month prison term on the unlawful distribution charge, with the sentence to run concurrent with the sentence in his unrelated federal case. In addition, the district court imposed a six-month prison term—which was suspended to 18 months' probation—on the fleeing and eluding charge, to run concurrent with the sentence on the unlawful distribution charge.

On July 14, 2015, Floyd was arrested in Mitchell County. He subsequently pled no contest to one count of possession of drug paraphernalia. Following the State's motion to revoke Floyd's probation based on the new conviction, the district court revoked his probation and ordered him to serve the underlying 22-month prison sentence.

On December 1, 2015, Floyd filed a motion to correct illegal sentence pursuant to K.S.A. 22-3504, alleging that the district court failed to give him credit for the time he was in custody on the unrelated federal case. The district court summarily denied Floyd's motion on the grounds that it did not have jurisdiction. On appeal, our court vacated and remanded the district court's summary denial on jurisdictional grounds with directions for the district court to make a determination on the merits. *State v. Floyd*, No. 115,699, 2016 WL 7179332, at *3 (Kan. App. 2016) (unpublished opinion).

At the remand hearing in March 2017, Floyd argued that he should receive jail time credit from his time served in federal custody between January 11, 2013, and December 31, 2013, claiming that the time served in federal custody was due, in part, to his arrest in this case. Specifically, he was arrested on a federal charge in February 2012 and was on pretrial release until October 2012 when he was arrested in this case. Floyd was taken into federal custody in January 2013 and was released to Osborne County on December 31, 2013. Following arguments at the remand hearing, where the State agreed with Floyd's argument, the district court denied Floyd's motion on the merits.

On appeal, Floyd argues that the district court erred in denying him jail time credit for the time served in federal custody, before his plea and sentencing in the present case, because the district court ordered the sentence in the present case to run concurrent with the federal case.

> "K.S.A. [2016] Supp. 21-6615(a), which is a recodification without substantive changes of K.S.A. 21-4614, states in pertinent part:
>
> "'In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case.'" *State v. Edwards*, No. 109,685, 2014 WL 1612500, at *3 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. 1049 (2015).

Generally, a sentencing court is required to give a defendant credit for time spent in jail while the defendant awaits the disposition of the case. *State v. Wheeler*, 24 Kan. App. 2d 616, 617, 949 P.2d 634 (1997), *rev. denied* 264 Kan. 824 (1998); *State v. Devaney*, No. 110,866, 2015 WL 3632131, at *2 (Kan App. 2015) (unpublished opinion), *rev. denied* 303 Kan. 1079 (2016). However, "a defendant is entitled only to credit for the time held in custody solely on account of, or as a direct result of, those charges for which he is now being sentenced." *State v. Calderon*, 233 Kan. 87, 98, 661 P.2d 781 (1983) (citing *Campbell v. State*, 223 Kan. 528, 530-31, 575 P.2d 524 [1978]); see *State v. Lofton*, 272 Kan. 216, 217-18, 32 P.3d 711 (2001); *Edwards*, 2014 WL 1612500, at *3. A defendant is "not entitled to jail time credit for . . . time served in federal prison because he was not held there solely on the state charge." *State v. Heath*, 25 Kan. App. 2d 587, 590, 967 P.2d 775, *rev. denied* 266 Kan. 1112 (1998).

Floyd did not serve time in federal custody between January and December 2013 solely on the charges from case 12CR26; that time served resulted from federal charges. Because Floyd's time in federal custody was not based solely on his state charges, he was not entitled to jail time credit for the time served in federal prison. The district court did not err in denying his request for jail time credit.

Affirmed.