(793 P.2d 1267)

No. 64,682

State of Kansas, *Appellee*, v. Michael D. King, *Appellant.*

Opinion filed June 15, 1990.

*Reid T. Nelson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Melinda S. Whitman*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before Rulon, P.J., Briscoe and Larson, JJ.

Briscoe, J.: This is a probation revocation case in which defendant Michael King appeals an order denying credit for time he served in the custody of community corrections while on probation. After concluding K.S.A. 1989 Supp. 21-4614a applies to the sentence imposed after his probation revocation, we reverse and remand with directions to credit King's sentence with the 127 days served in the custody of community corrections during probation.

In February 1986, King pleaded guilty to three counts of conspiracy to sell marijuana. He was sentenced to one- to two-year sentences on each count, the sentences to run concurrently, and was granted five years' probation under the supervision of community corrections. The terms of his probation prohibited the

violation of any state laws or the drinking of alcoholic beverages. King was held in community corrections for 127 days from March 20 until July 24, 1986. On March 22, 1989, King was arrested and charged with driving while under the influence of alcohol. On May 28, 1989, King was again arrested and charged with driving while under the influence of alcohol and driving with a suspended license. King's probation was revoked on October 5, 1989. The district court gave King credit for 70 days spent in custody awaiting disposition of the revocation proceeding but denied credit for the 127 days he was held in community corrections in 1986.

The issue as identified by the parties is whether the district court erred in denying credit for time spent in custody as a condition of probation. However, the controlling question is: When the legislature passes a statute protecting a defendant's right to credit for time served during probationary periods, does the statute apply to all sentences imposed in subsequent probation revocation proceedings? We answer this question in the affirmative.

King argues the action revoking his probation and the imposition of sentence which followed occurred after 21-4614a took effect and, therefore, 21-4614a should govern computation of his sentence. The State keys its argument to the commission of the conspiracy to sell marijuana counts and King's subsequent sentencing on those counts in 1986. The State argues (1) K.S.A. 21-3102(4), which states criminal cases are controlled by the law in effect at the time of the crime, governs; and (2) 21-4614a was passed after King committed the conspiracies and was sentenced for them and, therefore, is not controlling. The district court took a different view from the parties and focused upon when the time was served for which King seeks credit. The court held that, since the time served during probation was served before 21-4614a took effect, the new law did not govern.

At one time in Kansas, all decisions to grant persons credit for time served in jail as a condition of probation were discretionary. See, e.g., *State v. Fowler*, 238 Kan. 326, Syl. ¶ 5, 710 P.2d 1268 (1985) (citing K.S.A. 21-4614 and holding there is no statutory requirement that credit be given for jail time served as a condition of probation). With the passage of 21-4614a, the legislature

changed the law and sentencing judges no longer have discretion in this area.

To determine whether 21-4614a, which became effective May 19, 1988, applies to the sentence imposed in the present case, we first look to the wording of the statute. It is a fundamental principle of statutory construction that words in common usage are to be given their natural and ordinary meaning in arriving at the proper construction of a statute. *Szoboszlay v. Glessner,* 233 Kan. 475, 478, 664 P.2d 1327 (1983).

K.S.A. 1989 Supp. 21-4614a provides:

"(a) *In any criminal action in which probation,* assignment to a conservation camp or assignment to community corrections *is revoked and the defendant is sentenced to confinement, for the purpose of computing the defendant's sentence* and parole eligibility and conditional release dates, *the defendant's sentence is to be computed from a date,* hereafter to be specifically *designated* in the sentencing order of the journal entry of judgment or the judgment form delivered with the defendant to the correctional institution. *Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent in a residential facility while on probation, assignment to a conservation camp or assignment to community correctional residential services program.* The commencing date of such sentence shall be used as the date of sentence and all good time allowances as are authorized by law are to be allowed on such sentence from such date as though the defendant were actually incarcerated in a correctional institution." (Emphasis added.)

In determining the scope of this statute's applicability, we look to the statute's introductory sentence which includes the following phrase: "In *any* criminal action in which probation . . . is revoked and the defendant is sentenced to confinement." (Emphasis added.) "Any" is defined as "one indifferently out of more than two: one or some indiscriminately of whatever kind: . . . one, no matter what one: every." Webster's Third New International Dictionary 97 (1986). Black's Law Dictionary 86 (5th ed. 1979) states "[any] is often synonymous with 'either,' 'every,' or 'all.' " Thus, using the common meaning of "any," it is clear the legislature intended that the statute apply to every sentencing which occurs after probation has been revoked.

Under this reading of the statute, it becomes immaterial when the original crime occurred (the conspiracies) or when the time was served in jail as a condition of probation. If the legislature

.had intended to create the limitations asserted by the State and found by the district court, it could easily have done so. See, e.g., K.S.A. 1989 Supp. 21-4608(6) (limiting applicability of statute governing parole eligibility for those convicted of committing crimes on or after January 1, 1979). Since the legislature did not include such limitations in 21-4614a, it is not the role of this court to unilaterally read them into the statute. See *Barber v. Williams,* 244 Kan. 318, 324, 767 P.2d 1284 (1989).

Here, King committed the conspiracies to sell marijuana and served the time at issue before 21-4614a was effective, but when his probation was revoked and his sentence imposed the statute was effective. The statute makes credit for time served during probation mandatory rather than discretionary and discloses legislative intent to give criminal defendants placed on probation credit for all time spent in custody during probationary periods. "The statute places no limits, conditions, or discretion upon the grant of credit." *Brodie v. State,* 1 Kan. App. 2d 540, 542, 571 P.2d 53 (1977). Therefore, the statute in effect at the time the sentence was imposed following revocation should govern.

Further, there is nothing in the statute to indicate the time served during probation must be served after the effective date of 21-4614a. Indeed, the statute states the sentence is to be computed from a date that "shall be computed as an allowance for the time which the defendant *has spent* in a residential facility while on probation." (Emphasis added.) Thus, the attempt to limit the statute's coverage to govern time served after passage of the statute must fail.

The State's reliance on K.S.A. 21-3102(4) is misplaced. That statute provides:

"This code has no application to crimes committed prior to its effective date. A crime is committed prior to the effective date of the code if any of the essential elements of the crime as then defined occurred before that date. Prosecutions for prior crimes shall be governed, prosecuted and punished under the laws existing at the time such crimes were committed."

The State argues King's conviction in 1986 occurred before 21-4614a was effective and, therefore, under 21-3102(4), the new statute should have no effect.

By its reliance upon 21-3102(4), the State is asking us to apply the law in effect when the drug conspiracies were committed.

Although the sentence imposed after revocation was the sentence originally imposed for the drug charges, the imposition of this sentence was triggered by the revocation of King's probation. The acts in violation of probation occurred after 21-4614a was effective, probation was revoked after the statute was effective, and King was sentenced as a result of the revocation after the statute was effective. While 21-3102(4) states the general rule regarding the applicability of the criminal code to prosecutions, 21-4614a creates a specific rule applicable to sentences imposed following probation revocation. When there is a conflict between a statute dealing generally with a subject and another statute dealing specifically with a certain phase of it, the specific statute controls unless it appears that the legislature intended to make the general act controlling. *State v. Wilcox*, 245 Kan. 76, Syl. ¶ 1, 775 P.2d 177 (1989). The clear language of the statute reflects the legislative intent to apply 21-4614a to all sentences imposed in probation revocation proceedings occurring after the statute's effective date and to allow credit for all time in custody during probationary periods, regardless of whether the crime for which defendant was placed on probation occurred prior to the statute's effective date.

The district court's order denying credit is reversed and remanded with directions to modify King's sentence to include 127 days of credit for time served in the custody of community corrections during probation.