NOT DESIGNATED FOR PUBLICATION

No. 120,374

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KURTIS W. HALL,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sherman District Court; SCOTT SHOWALTER, judge. Opinion filed December 20, 2019. Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before BUSER, P.J., SCHROEDER and WARNER, JJ.


PER CURIAM: Kurtis W. Hall appeals the Sherman County District Court's denial of jail credit. Hall now seeks credit for time spent in jail for another case from a different county. In other words, he wants two days' credit for one day of jail time. The law is not designed that way. A defendant does not earn dual credit just because a motion to revoke probation is pending in one case while the defendant is in custody for another case. The district court correctly determined Hall was not entitled to credit in this case when he failed to ask for the pending probation revocation motion to be addressed while he was in custody awaiting disposition of unrelated matters in other counties. We affirm.

1

Between July 2015 and February 2016, Hall committed a variety of offenses that resulted in criminal cases being filed in three separate counties: Sherman County (16CR39), Cloud County (15CR157), and Republic County (16CR35). This appeal concerns the district court's decision to revoke probation in his Sherman County case and deny Hall jail credit for time he served in the Cloud County case. However, to understand Hall's argument, we must first explain the factual and procedural background of all three cases.

In February 2016, the State filed a 14-count complaint in Sherman County case 16CR39, which was later amended to 8 counts. In April 2016, after the district court explained the rights Hall would be giving up by pleading guilty, Hall pled guilty to one count of aggravated battery, one count of aggravated assault, and one count of criminal damage to property. The State then dismissed the remaining five counts based on the parties' plea agreement. The State further agreed to recommend the district court grant a downward dispositional departure to supervised probation and to run Hall's sentences concurrent.

Upon acceptance of Hall's plea and the factual basis he provided, the district court found Hall guilty of all three counts. Hall was sentenced in Sherman County in May 2016. The district court granted the parties' joint recommendation for a downward dispositional departure to supervised probation. The district court ran Hall's sentences for all three charges concurrent for a total controlling sentence of 45 months' imprisonment, suspended to 36 months' supervised probation with 36 months' postrelease supervision.

Hall had warrants in Cloud County and Republic County at the time of his sentencing in 16CR39. The Sherman County District Court was advised of those issues and released Hall to address the matters pending in Cloud and Republic counties. Hall

was convicted in Cloud County case 15CR157 based on his no-contest plea to one count of unlawful possession of a stimulant. The Cloud County District Court sentenced Hall to 34 months' imprisonment, suspended to 12 months' supervised probation with 12 months' postrelease supervision. His sentence was not imposed consecutive to any other case.

From July 12, 2016, to September 2, 2016, Hall was held in the Republic County jail and evidently had been transported to Cloud County for sentencing. The State asserts Hall was sentenced in another Republic County case on September 2, 2016. However, the record is silent on this point; it only reflects Hall was awarded jail credit in Republic County case 16CR35 for time spent in the Republic County jail from July 12, 2016, to September 2, 2016.

On September 30, 2016, the State requested a bench warrant and moved to revoke Hall's Sherman County probation in 16CR39. At the time, Hall had outstanding arrest warrants in Cloud County and Republic County. The basis for Hall's Republic County arrest warrant is unclear. However, the record indicates the Cloud County warrant was based on the State's request to terminate Hall's Cloud County probation in 15CR157. The Sherman County District Court set a hearing on the State's motion for probation revocation in 16CR39. Hall failed to appear at the hearing and the district court issued an arrest warrant in November 2016.

On January 19, 2017, Hall was arrested in Sedgwick County on the Cloud County warrant. Sherman County officials learned of Hall's arrest and the district court sent an order to detain Hall to Sedgwick County on January 20, 2017. However, Sedgwick County officials did not serve the Sherman County warrant and Hall was subsequently transported to Cloud County. Hall's probation was revoked in Cloud County on February 1, 2017, and the Cloud County District Court ordered Hall to serve his underlying sentence in the custody of the Kansas Department of Corrections (KDOC). It awarded

3

Hall 13 days' jail credit for time spent in custody between January 19, 2017, and February 1, 2017.

Hall was convicted of one count of burglary in Republic County case 16CR35 on March 2, 2018. He was sentenced on April 9, 2018. The record reflects he was granted a downward dispositional departure; however, the record before us is unclear what term of probation was imposed. The journal entry of sentencing indicates Hall was given an underlying sentence of 12 months' imprisonment. The journal entry further notes Hall was in custody prior to his bench trial. The journal entry only shows 52 days' jail credit awarded from July 12, 2016, to September 2, 2016. The journal entry did not indicate whether Hall's sentence was concurrent with or consecutive to his sentences in any other cases.

The Sherman County warrant was not served until after Hall was in KDOC custody on May 14, 2018. On May 17, 2018, Hall stipulated to violating his probation. The Sherman County District Court revoked Hall's probation and ordered him to serve his underlying sentence. It left open the sentence start date, noting the parties intended to submit briefing as to how jail credit should be calculated. Hall filed a motion requesting an additional 482 days' jail credit for time spent in custody between his January 19, 2017 arrest in Sedgwick County and his Sherman County probation revocation on May 17, 2018.

Hall made an equitable argument based on the failure of Sedgwick County and Cloud County officials to serve the Sherman County bench warrant while he was in their custody. He argued he was detained in his Sherman County case when the district court sent the detainer order to Sedgwick County on January 20, 2017. He further argued because his sentences in Cloud County and Sherman County were not run consecutive, they would have to be served concurrently. Essentially, he argued if the Sherman County warrant had been timely served, his probation revocation would have occurred earlier.

4

Thus, a substantial portion of the time spent in custody for his Cloud County probation revocation would have also counted toward his underlying Sherman County sentence.

The district court denied Hall's request for additional jail credit. It found he was not in custody solely based on the Sherman County warrant and his equitable argument was unpersuasive because Hall had been awarded jail credit toward his Cloud County sentence. The district court awarded Hall 107 days' jail credit based on time spent in the Sherman County jail prior to his original sentencing date in 16CR39.

ANALYSIS

Hall argues he was in custody beginning January 20, 2017—the date the order to detain on the Sherman County warrant was issued. He argues he was detained in the Sherman County case from that date and the district court erred in not granting him additional jail credit.

Whether and how much jail credit a district court is required to award a defendant at sentencing is controlled by K.S.A. 2018 Supp. 21-6615(a). A district court does not have discretion to ignore the mandatory statutory language of K.S.A. 2018 Supp. 21-6615(a). See *State v. Harper*, 275 Kan. 888, 892, 69 P.3d 1105 (2003). Additionally, whether and how much jail credit is required to be awarded upon revocation of probation is controlled by K.S.A. 2018 Supp. 21-6615(b). This statutory language is also mandatory. See *State v. King*, 14 Kan. App. 2d 478, 480-82, 793 P.2d 1267 (1990). The issue before this court is a question of law subject to unlimited review. *State v. Hopkins*, 295 Kan. 579, 581, 285 P.3d 1021 (2012).

*Hall has not shown error.*

Hall argues "the district court erred in denying his motion for jail credit because Sedgwick County knew there was an order to detain, his probation officer knew of his

5

location once he was arrested in Sedgwick County, and the warrant should have been served as soon as he was arrested." Hall asserts he was being detained on the Sherman County case from the time the order to detain was issued on January 20, 2017. And "[e]ven if the other cases had been resolved on that same day, he would still be detained on the Sherman County case." He argues his sentences "should run concurrently as the record is silent regarding concurrent or consecutive sentences." Thus, "he was serving his sentences in all three cases starting January 20, 2017."

Hall acknowledges a defendant is entitled to jail credit for all time held in custody solely on the charge for which the defendant is being sentenced. See *Harper*, 275 Kan. at 890. However, he argues the plain language of K.S.A. 2018 Supp. 21-6615(a) providing a defendant's sentence start date is computed to allow credit for "'the time which the defendant has spent incarcerated pending the disposition of the defendant's case'" entitles him to additional jail credit. He provides no further argument or analysis on this point and fails to support his contention with pertinent authority. Hall makes a general claim he is entitled to credit only because a detainer was issued but not served. We find no support in the law for Hall's claim. See *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019) (failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue); *State v. Lowery*, 308 Kan. 1183, 1231, 427 P.3d 865 (2018) (an issue raised incidentally in a brief and not argued therein is deemed abandoned); *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018) (issues not adequately briefed are deemed waived or abandoned).

Hall's argument is not persuasive. "[O]ur Supreme Court is the final authority on Kansas law for all state and federal courts." *Bonura v. Sifers*, 39 Kan. App. 2d 617, 635, 181 P.3d 1277 (2008). This court is duty bound to follow Kansas Supreme Court precedent unless there is some indication the Kansas Supreme Court is departing from its previous position. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). Hall

6

has not asserted our Supreme Court is departing from its position on this issue, nor does it appear to be.

Hall was credited with time served toward his sentence in Cloud County. In Kansas, the right to jail time credit is statutory. *State v. Fowler*, 238 Kan. 326, 336, 710 P.2d 1268 (1985). Hall was not detained for his Sherman County case until the warrant was served on May 14, 2018. Even though there was a detainer from Sherman County while Hall was in Sedgwick County, Cloud County, and KDOC, that time was spent either awaiting or as a result of his Cloud County probation revocation. During that same time, his probation in Sherman County remained pending and had not been revoked. Thus, the time was not spent solely on account of the Sherman County case. Hall is not entitled to additional jail credit in this case where that credit was already awarded in his Cloud County case. See *State v. Prebble*, 37 Kan. App. 2d 327, 332-33, 152 P.3d 1245 (2007). The record also reflects Hall received jail credit for the time spent in jail prior to his original sentencing in Sherman County.

Affirmed.