NOT DESIGNATED FOR PUBLICATION

Nos. 128,059
128,060

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALONZO D. OWENS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Submitted without oral argument. Opinion filed March 27, 2026. Sentence vacated and case remanded with directions.

*Grace E. Tran*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, deputy district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before PICKERING, P.J., CLINE, J., and CAREY HIPP, District Judge, assigned.

CLINE, J.: This appeal involves a district court's jail credit determination made before *State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025). When the district court sentenced Alonzo D. Owens in case No. 23-CR-300037, it denied him jail time credit because it had already awarded him jail time credit in case No. 19-CR-1915. But in *Ervin* our Supreme Court interpreted K.S.A. 21-6615(a) to compel an award of one day of jail credit for "each day that [a defendant] was incarcerated pending disposition of [a criminal] case regardless of whether [the defendant] received an allowance for some or

1

all that time against a sentence in another case." 320 Kan. at 311-12. We therefore vacate Owens' sentence and remand this case for resentencing.

DISCUSSION

While on probation in case 19-CR-1915, Owens was taken into custody on warrants alleging he violated the terms and conditions of his probation, in part by committing a new crime in case 23-CR-300037 on August 1, 2023.

On July 17, 2024, the district court held both the probation disposition hearing in case 19-CR-1915 and the sentencing hearing in case 23-CR-300037. In case 19-CR-1915, the court revoked Owens' probation and ordered him to serve a modified prison sentence. And then in case 23-CR-300037, it imposed a prison sentence of 53 months. It ran the two cases consecutive to each other and denied Owens 130 days of jail time credit in case 23-CR-300037 for time spent in jail pending disposition of that case because he was awarded credit in case 19-CR-1915.

Owens appealed the district court's jail credit decision. He argues that under the Supreme Court's interpretation of K.S.A. 21-6615(a) in *Ervin*, he is entitled to another 130 days of jail credit in case 23-CR-300037.

Because Owens' challenge requires us to interpret the jail credit statute, we are faced with a question of law over which we have unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024).

Kansas appellate courts have found that "'the fundamental rule for sentencing is that the person convicted of a crime is sentenced in accordance with the sentencing provisions in effect at the time the crime was committed.'" *State v. McLinn*, 307 Kan. 307, 337, 409 P.3d 1 (2018) (quoting *State v. Overton*, 279 Kan. 547, 561, 112 P.3d 244

2

[2005]). This rule is rooted in practical fairness and is a corollary to the principle that "a person must have notice that certain conduct is illegal before they may be convicted of a crime for engaging in that conduct." *State v. Lawton*, 65 Kan. App. 2d 749, 752, 571 P.3d 1, *rev. denied* 321 Kan. 793 (2025).

Because Owens committed his crime in case 23-CR-300037 in August 2023, the jail time credit statute that applies to him is K.S.A. 21-6615. See *State v. Mitchell*, 66 Kan. App. 2d 196, 206-08, 579 P.3d 970 (2025) (holding that the defendant's jail credit was governed by the statute in effect at the time he committed the crimes).

K.S.A. 21-6615(a) states:

"(a) In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case. In recording the commencing date of such sentence the date as specifically set forth by the court shall be used as the date of sentence and all good time allowances as are authorized by the secretary of corrections are to be allowed on such sentence from such date as though the defendant were actually incarcerated in any of the institutions of the state correctional system."

This version of the statute was interpreted by the Kansas Supreme Court in *State v. Hopkins*, 317 Kan. 652, 657, 537 P.3d 845 (2023). The *Hopkins* court, technically, interpreted K.S.A. 2022 Supp. 21-6615(a), but that version of the statute is identical to K.S.A. 21-6615(a). And the Legislature did not amend the statute until K.S.A. 2024 Supp. 21-6615(a) which became effective May 23, 2024. L. 2024, ch. 96, § 7.

3

In *Hopkins*, the Kansas Supreme Court found that defendants are entitled to jail time credit against their sentence for all the time spent incarcerated while their case is pending disposition. 317 Kan. at 657. And it also held "the award of credit under K.S.A. 2022 Supp. 21-6615(a) is not limited to time spent 'solely' in custody for the charge for which the defendant is being sentenced." 317 Kan. at 652. And in *Ervin*, the court interpreted this version of K.S.A. 21-6615(a) to compel an award of one day of jail credit for "each day that [a defendant] was incarcerated pending disposition of [a criminal] case regardless of whether [the defendant] received an allowance for some or all that time against a sentence in another case." 320 Kan. at 311-12.

The State, for its part, argues that the amended version—K.S.A. 2024 Supp. 21-6615—applies to Owens' sentence because it was the version of the statute effective when he was sentenced. And, according to the State, K.S.A. 2024 Supp. 21-6615 prevents Owens from receiving the jail time credit he seeks.

While the State acknowledges that the date of the crime determines which sentencing statutes apply, it contends this rule has exceptions when the Legislature intends for the statute in effect at sentencing to apply. The State cites *State v. Reese*, 300 Kan. 650, 654-59, 333 P.3d 149 (2014), stating that for driving under the influence convictions the Kansas Supreme Court has determined that the Legislature intended the law in effect at sentencing regarding whether a defendant was a repeat offender to apply, rather than the law at the time the crime was committed. It also cites *State v. Patton*, 315 Kan. 1, 2-3, 503 P.3d 1022 (2022), acknowledging the ex post facto problem when the sentence increases and modifying the rule in *Reese* in such cases. And lastly, it argues the phrase "'[i]n any criminal action'" in K.S.A. 2024 Supp. 21-6615(a) means that the Legislature intended for this statute to apply retroactively and so it should be applied retroactively to Owens' case. For this, the State relies on *State v. King*, 14 Kan. App. 2d 478, 480-82, 793 P.2d 1267 (1990), for the proposition that the Legislature's choice of the

4

phrase "any criminal action" established its intent to have the version of the jail credit statute in effect at sentencing apply.

But our court has already found the State's arguments unpersuasive because these cases do not apply:

> "*King* involved an appeal of the denial of jail credit in a different context. The court found that the language in a previous jail-credit statute, K.S.A. 1989 Supp. 21-4614a (which changed the law to make jail credit mandatory, rather than discretionary, when someone's probation had been revoked), should apply retroactively to King's case even though those amendments were adopted after he committed his underlying offenses. The modification reflected a change in legislative policy on jail credit. The amendment expressly directed that the change would apply in 'any' case in which the district court revoked probation, effectively obviating the need for explicit retroactivity language. The *King* court thus found the language of that statute, considered as a whole, evinced a legislative intent to apply those provisions to all sentences rendered after the statute went into effect.
>
> "*Patton* analyzed our state's driving under the influence (DUI) statute, K.S.A. 8-1567. In a previous decision, the Kansas Supreme Court had held that a defendant was entitled to the benefit of the version of that statute that was in effect at sentencing, as the amended statute shortened the lookback period for enhancing a sentence based on how many times a person had previously been convicted of DUI. In *Patton*, the Supreme Court limited and clarified that earlier ruling, finding that 'a sentencing court should apply the version of K.S.A. 8-1567 [the DUI statute] in effect at the time of sentencing *unless* the Legislature amended the statutory provisions after the offense was committed *and* that amendment increases the defendant's penalty.' The *Patton* court emphasized the latter language, because '[i]n those circumstances, applying the intervening change in the law . . . would violate the Ex Post Facto Clause of article I, section 10 of the United States Constitution.' In such circumstances, 'sentencing courts should instead apply the version of K.S.A. 8-1567 in effect when the defendant committed the DUI offense.' [Citations omitted.]" *Mitchell*, 66 Kan. App. 2d at 204-05.

We have also acknowledged how *King* involved an instance where the Legislature had reduced the burden on a criminal defendant at sentencing, but that is not the situation with the 2024 amendments to the jail time credit statute. *Mitchell*, 66 Kan. App. 2d at 206. Because under the amended statute, Owens would receive less credit toward his sentence than he would under *Ervin*'s interpretation of K.S.A. 2022 Supp. 21-6615(a). See 66 Kan. App. 2d at 206.

In *Ervin*, the Kansas Supreme Court expressly declined to consider any arguments over the interpretation of the jail time credit statute beyond the statutory language. 320 Kan. at 306-07. K.S.A. 2024 Supp. 21-6615(a) includes no language specifying that the Legislature intended to apply it retroactively to pending cases awaiting sentencing. In the absence of any retroactive language, as the *Mitchell* panel found, "the 2024 amendments apply only to sentences for crimes committed on or after May 23, 2024." *Mitchell*, 66 Kan. App. 2d at 207.

Therefore, because Owens committed his offenses in August 2023, K.S.A. 21-6615(a) applies to his case, which has the same statutory language as the one applied in *Ervin*. Owens is entitled to jail time credit in case 23-CR-300037 from when it was pending through its disposition. See *Ervin*, 320 Kan. at 311-12.

For these reasons, we vacate Owens' sentence in case 23-CR-300037 and remand with directions to enter a journal entry that awards Owens his 130 days of jail time credit.

Sentence vacated and case remanded with directions.