NOT DESIGNATED FOR PUBLICATION

Nos. 128,701
128,702
128,703
128,704

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HAROLD C. DELOACH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID KAUFMAN, judge. Submitted without oral argument. Opinion filed June 5, 2026. Vacated and remanded with directions.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., HILL and BRUNS, JJ.

HILL, J.: Claiming he is entitled to duplicative jail credit under K.S.A. 2022 Supp. 21-6615(a) and the ruling in *State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025), Harold C. Deloach appeals his sentences in four consolidated Sedgwick County cases. In opposition, the State argues the 2024 amendment to K.S.A 21-6615(a) applies because it was in effect at the time Deloach was sentenced. Our review leads us to agree with Deloach.

1

Deloach has an extensive criminal history. Deloach pled guilty to 11 counts of burglary across four separate cases. These offenses occurred between September 2022 and June 2023. On December 19, 2024, the district court sentenced Deloach to a total of 92 months in prison for the four cases. The district court awarded 340 days jail credit in 23-CR-883. The court only awarded two days credit in 23-CR-1363 because Deloach was "also held on 23CR833." The court did not award any jail credit in 23-CR-1364 or 23-CR-1525 because Deloach was also being held on the other two cases.

Deloach admits he did not challenge the jail credit awards in district court. At the sentencing hearing, the district court stated it would not discuss Deloach's jail credit award in open court but that, "more than likely, the amount of time [Deloach] has spent in jail will go primarily towards this first case." The court then explicitly set out the jail credit awards in its journal entries. Deloach did not object at the sentencing hearing or to the journal entries.

Generally, issues not raised before the district court cannot be raised on appeal. *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). But Deloach argues we can review this issue despite the lack of objection below because the issue involves only a question of law on admitted facts. See *Ervin*, 320 Kan. at 306. We agree. Statutory interpretation presents a question of law over which appellate courts have unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). The *Ervin* court likewise used this exception to the preservation requirement to reach the jail credit issue for the first time on appeal. 320 Kan. at 306.

Resolution of this appeal hinges on which version of the statute applies. The statute in effect at the time Deloach committed his crimes was K.S.A. 2022 Supp. 21-6615. That law directed jail credit was to be awarded "for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." K.S.A. 2022

2

Supp. 21-6615(a). The statute in effect at the time Deloach was sentenced, however, was K.S.A. 2024 Supp. 21-6615.

The interpretation of K.S.A. 2022 Supp. 21-6615(a) is guided by two key Supreme Court cases. In *State v. Hopkins*, 317 Kan. 652, 652, 537 P.3d 845 (2023), the court departed from the old rule where courts awarded jail credit for time spent in custody "solely" on the charge being sentenced. The court held that, under the plain language of the statute, a defendant gets credit for all time spent in custody pending disposition of his or her case. 317 Kan. at 656-57. In *Ervin*, the court held a defendant gets one day of credit for each day incarcerated pending disposition of his or her case regardless of whether the defendant received a credit for some or all that time against a sentence in another case. 320 Kan. at 311-12.

Here, the district court denied Deloach jail credit in three of his cases because he was also being held on other cases. This means that if K.S.A. 2022 Supp. 21-6615(a) applies to Deloach's sentencing, the district court improperly denied Deloach jail credit in those three cases.

The Legislature amended K.S.A. 21-6615(a), which took effect on May 23, 2024, abrogating the *Ervin* court's later interpretation. The statute now states: "When computing the defendant's sentence, the following shall not be considered time spent incarcerated pending disposition of the defendant's case: (A) Any time awarded as credit in another case when consecutive sentences are imposed on a defendant." K.S.A. 2024 Supp. 21-6615(a)(2)(A). Under this amendment, there was no error in Deloach's jail credit awards.

On appeal, Deloach argues his jail credit allowance is governed by K.S.A. 2022 Supp. 21-6615(a) rather than K.S.A. 2024 Supp. 21-6615(a) because the general rule is that sentences are determined based on the statute in effect at the time the crime was

3

committed. And there is nothing in the 2024 version stating that the Legislature intended the amendment to apply retroactively.

The State argues the Legislature intended the 2024 amendment to apply to any sentencing that occurs on or after the effective date of the amendment, citing *State v. Reese*, 300 Kan. 650, 333 P.3d 149 (2014), and *State v. King*, 14 Kan. App. 2d 478, 793 P.2d 1267 (1990). The State alternatively argues *Ervin* was wrongly decided.

The *Ervin* court did not decide whether the 2024 statutory amendments were retroactive. 320 Kan. at 311. A panel of this court has held, however, that jail credit is governed by the statute in effect at the time the crime was committed. *State v. Mitchell*, 66 Kan. App. 2d 196, 206, 579 P.3d 970 (2025). Our Supreme Court accepted review of *Mitchell*. We do not have the benefit of that decision in deciding this appeal.

Our Supreme Court did recently state, in dicta, that the correct jail credit statute is the one in effect when the crime was committed. But the court ultimately held that it could not consider the jail credit issue because it was raised for the first time in supplemental briefing. *State v. Romey*, 321 Kan. 400, 418-21, 580 P.3d 1 (2025).

General principles guide us. Courts sentence defendants in accordance with the sentencing statutes in effect when the crime was committed. *State v. Juiliano*, 315 Kan. 76, 80, 504 P.3d 399 (2022). And courts presume that a statute operates prospectively "'unless its language clearly indicates that the legislature intended it to operate retroactively.'" *State v Roseborough*, 263 Kan 378, 381, 951 P .2d 532 (1997). There is an exception where the change is merely procedural and does not define the length or type of criminal punishment. 263 Kan. at 381.

The Legislature did not include any retroactivity language in its 2024 amendment to K.S.A. 21-6615(a). This court thoroughly distinguished *Reese* and *King* in *Mitchell*.

4

See 66 Kan. App. 2d at 204-06. We find *Mitchell* persuasive and follow its reasoning. We will not read additional language into the amendment that is not there. See *Ervin*, 320 Kan. at 310. We find that the Legislature did not intend the 2024 amendment to K.S.A. 21-6615 to circumvent the general rule that defendants are sentenced in accordance with the sentencing statutes in effect when their crime was committed.

The State also preserves its argument that *Ervin* was wrongly decided. Though not final, our Supreme Court just addressed this very issue and reaffirmed *Ervin* in *State v. Zongker*, 322 Kan. 137, 139, 586 P.3d 769 (2026). We are duty-bound to follow Kansas Supreme Court precedent unless there is some indication that the Supreme Court is departing from its previous position. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022). The Supreme Court does not intend to depart from *Ervin*.

We vacate the district court's jail credit determinations and remand with directions to follow K.S.A. 2022 Supp. 21-6615(a), as interpreted by *Ervin*.

Vacated and remanded with directions.